**IPITRADE INTERNATIONAL, S.A., Petitioner,**

v.

**FEDERAL REPUBLIC OF NIGERIA, Respondent.**

**Misc. No. 78–0193.**

United States District Court, District of Columbia.

Sept. 25, 1978.

Robert S. Medvecky and L. Peter Farkas, Washington, D. C., Richard C. Allison and John M. Nonna, Reid & Priest, New York, N.Y. for petitioner.

## ORDER

GASCH, District Judge.

Upon consideration of the Petition of Ipitrade International, S.A., (Ipitrade) for an Order (a) Confirming the Award of Dr. Max Brunner dated April 25, 1978, in case RT/DB No. 2949, and (b) directing the entry of judgment thereon against the Federal Republic of Nigeria, the memorandum filed in support thereof, and for the reasons set forth in the Court's Memorandum issued this day, it is by the Court this 25th day of September, 1978,

ORDERED that the said Petition to Confirm is hereby granted; and that the award of Dr. Max Brunner dated April 25, 1978 in case RT/DB No. 2949 be, and the same is hereby, confirmed; and it is further

ORDERED that the Clerk of the Court enter judgment as follows:

1. Federal Republic of Nigeria shall pay to Ipitrade International, S.A. the sum of nine million sixty-six thousand, one hundred thirty-eight dollars and seventy-five cents ($9,066,138.75) together with interest thereon at the rate of six percent (6%) from April 25, 1978 to the date of payment.

2. Federal Republic of Nigeria shall pay to Ipitrade International, S.A. interest at the rate of five percent (5%) from the following dates on the following amounts to the date of payment thereof:

| from | October 17, 1975 | on | $331,200.00 |
|---|---|---|---|
| from | October 27, 1975 | on | 61,500.00 |
| from | November 6, 1975 | on | 61,500.00 |
| from | December 3, 1975 | on | 123,000.00 |
| from | December 10, 1975 | on | 184,500.00 |
| from | December 11, 1975 | on | 61,653.75 |
| from | December 17, 1975 | on | 123,000.00 |
| from | December 29, 1975 | on | 61,500.00 |
| from | December 31, 1975 | on | 61,500.00 |
| from | January 15, 1976 | on | 123,000.00 |
| from | April 28, 1976 | on | 246,000.00 |
| from | July 9, 1976 | on | 369,000.00 |
| from | September 16, 1976 | on | 246,000.00 |
| from | March 28, 1977 | on | 114,800.00 |

3. Federal Republic of Nigeria shall pay to Ipitrade International, S.A. the sum of fifty thousand dollars ($50,000.00) together with interest thereon at the rate of six percent (6%) from April 25, 1978 to the date of payment thereof.

4. Federal Republic of Nigeria shall pay to Ipitrade International, S.A. the sum of five hundred fifty thousand Franch Francs (550,000 F.Fr.) at the exchange rate at the close of business in Paris, France on April 15, 1978, together with interest thereon at the rate of six percent (6%) from April 25, 1978 to the date of payment thereof; and it is further

ORDERED that a copy of the Judgment in this case be served on the Federal Republic of Nigeria by the Clerk of this Court by mailing said Judgment by registered airmail, postage prepaid, and return receipt requested to the Honorable Commissioner of External Affairs, Federal Republic of Nigeria, Lagos, Nigeria; and Permanent Secretary, Ministry of Defense, Lagos, Nigeria; and, separately, by registered mail, postage prepaid, return receipt requested to the Embassy of the Federal Republic of Nigeria, 2201 M Street, N.W., Washington, D. C.

## MEMORANDUM

On June 6, 1978, Petitioner Ipitrade International, S.A. (Ipitrade) filed a Petition to Confirm Arbitration Award under the provisions of the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. § 201 *et seq.* Jurisdiction against Respondent, the Federal Republic of Nigeria, is based upon the Foreign Sovereign Immunities Act, 28 U.S.C. § 1330(a), and venue lies in the District of Columbia under 9 U.S.C. § 204 and 28 U.S.C. § 1391(f)(4).

On March 17, 1975 Nigeria and Ipitrade entered into a written commercial contract for the purchase and sale of cement. By entering into the contract, Nigeria expressly agreed that the construction, validity, and performance of the contract would be governed by the laws of Switzerland and that any disputes arising under the contract would be submitted to arbitration by the International Chamber of Commerce, Paris, France. During 1975 and 1976 various disputes arose with respect to the contract and on May 12, 1976, Petitioner filed a demand for arbitration with the Secretariat of the Court of Arbitration of the International Chamber of Commerce. Thereafter, an arbitration proceeding was conducted in which the Federal Republic of Nigeria refused to participate, relying on the legal defense of sovereign immunity. The arbitrator, Dr. Max Brunner of Basel, Switzerland, found that under Swiss law Respondent was bound by the obligations it

voluntarily entered into and proceeded with the arbitration. On April 25, 1978, the arbitrator issued his written decision (the Award), granting some of Petitioner's claims but rejecting others. Under Swiss law the Award of April 25, 1978 is final and binding on Respondent. Petitioner has made demand upon Respondent for payment pursuant to the terms of the Award but Respondent has not made such payment.

The Award is subject to the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards to which the United States, France, Nigeria, and Switzerland are each signatories. Article V of the Convention specifies the only grounds on which recognition and enforcement of a foreign arbitration award may be refused. 9 U.S.C. § 201. None of the enumerated grounds exists in the instant case. The Foreign Sovereign Immunities Act, which codifies existing law with respect to suits against foreign states in United States courts, gives federal district courts original jurisdiction against a foreign state as to "any claim for relief *in personam* with respect to which the foreign state is not entitled to immunity under sections 1605–1607 of this title or any applicable international agreement." 28 U.S.C. § 1330. The Act specifies that there is no immunity in any case "in which the foreign state has waived its immunity either explicitly or by implication, notwithstanding any withdrawal of the waiver which the foreign state may purport to effect except in accordance with the terms of the waiver." 28 U.S.C. § 1605(a)(1). The legislative history of this section expressly states that an agreement to arbitrate or to submit to the laws of another country constitutes an implicit waiver. H. Rep. No. 94–1487, 94th Cong., 2d Sess., *reprinted in* [1976] U.S.Code Cong. & Admin.News, at 6604, 6617. Consequently, Respondent's agreement to adjudicate all disputes arising under the contract in accordance with Swiss law and by arbitration under International Chamber of Commerce Rules constitutes a waiver of sovereign immunity under the Act. This waiver cannot be revoked by a unilateral withdrawal.

Service of the Petition to Confirm Arbitration Award was made pursuant to the Foreign Sovereign Immunities Act, 28 U.S.C. § 1608(a), and by Order of this Court dated June 7, 1978. That Court Order fixed August 23, 1978 as the date by which Respondent was directed to appear, plead, answer or otherwise move with respect to the petition, or in default thereof, have the foreign arbitral award confirmed. There has been return receipt from the service on the Embassy of the Federal Republic of Nigeria, 2201 M Street, N.W., Washington, D. C., made pursuant to this Court's Order of June 7, 1978, but no return receipt from the service made upon the Honorable Commissioner of External Affairs, Federal Republic of Nigeria, Lagos, Nigeria. According to the affidavit of Carl F. Salans, filed with the Court, Respondent has actual notice of the pendency of this proceeding.

No judgment by default shall be entered by a federal district court against a foreign state unless the claimant establishes his right to relief by evidence satisfactory to the Court. 28 U.S.C. § 1608(e). In the instant case, Petitioner is entitled to such relief because the provisions of the Convention on the Recognition and Enforcement of Foreign Arbitral Awards and of the Foreign Sovereign Immunities Act are satisfied.