**Lazaro PEREZ et al., Plaintiffs,**

v.

**THE BAHAMAS, Defendant.**

**Civ. A. No. 79–2181.**

United States District Court,
District of Columbia.

Jan. 25, 1980.

Edward A. McDermott, William H. Bradford, Jr., Hogan & Hartson, Washington, D. C., for defendant.

## MEMORANDUM

JOHN LEWIS SMITH, Jr., District Judge.

The parents of Vladimir Perez, a minor, bring this action for money damages for injuries their son sustained in 1978 when defendant's marine police craft fired on the fishing boat Isabel, which is registered in the United States. The incident occurred somewhat less than half a mile from the Great Isaac Cay in The Bahamas. Jurisdiction is predicated on the Foreign Sovereign Immunities Act of 1976 (FSIA) (28 U.S.C. §§ 1330, 1605–1607), and the special admiralty and maritime jurisdiction set forth in 18 U.S.C. §§ 7 (admiralty and maritime jurisdiction), 1113 (attempted murder), 1651 (piracy), 1653 (aliens as pirates), 1656 (conversion of vessel), 1658 (corruption of seamen and confederating with pirates), 1659 (plunder of distressed vessel), and 1660 (attack to plunder vessel). The matter is before the Court on defendant's motion to dismiss for lack of subject matter jurisdiction under 28 U.S.C. § 1330(a) and lack of personal jurisdiction under § 1330(b).

■ The Bahamas is a foreign state, 28 U.S.C. § 1603(a), and therefore entitled to immunity from the jurisdiction of the courts of the United States unless one of the exceptions in sections 1605–1607 of the Act applies, or unless some international agreement to which the United States was a party at the time of the enactment of the Act otherwise provides. (28 U.S.C. § 1604). Plaintiff contends that several section 1605 exceptions apply.

■ Section 1605(a)(1) provides that a sovereign may waive its immunity either explicitly or implicitly. Plaintiffs argue that defendant waived its sovereign immunity when it adopted the Crown Proceedings Act. This Act, however, opens the courts of The Bahamas to suits against the Bahamian government; it creates no right

James E. Burk, Washington, D. C., Charles R. Lipcon, Miami, Fla., for plaintiffs.

to bring The Bahamas before the courts of the United States. "[A]ll civil proceedings by or against the Crown shall be instituted and proceeded with in the Supreme Court and in accordance with the rules of court and not otherwise." Crown Proceedings Act, 1963, c. 10. The Bahamas has not waived its immunity by virtue of the Crown Proceedings Act.

Section 1605(a)(2) provides that a sovereign shall not be immune in any case

in which the action is based upon a commercial activity carried on in the United States by the foreign state; or upon an act performed in the United States in connection with a commercial activity of the foreign state elsewhere; or upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States. 28 U.S.C. § 1605(a)(2).

The commercial character of an activity is to be determined by the nature of the act or course of activity and not by reference to its purpose. 28 U.S.C. § 1603. Police enforcement of Bahamian fishing law does not become commercial because it may have some commercial purpose or goal. The commercial activity exception does not apply.

Section 1605(a)(5) provides that a sovereign shall not be immune in a case for money damages for personal injuries "occurring in the United States and caused by the tortious act or omission of that foreign state." 28 U.S.C. § 1605(a)(5). The son of the plaintiffs in this action, while aboard a United States registered fishing boat, was allegedly struck by a bullet fired from a Bahamian police boat, approximately 0.41 miles from Great Isaac Cay. Plaintiffs advance two interpretations in an effort to place this event "in the United States" for jurisdictional purposes. First, 18 U.S.C. § 7 grants special admiralty or maritime jurisdiction to the United States over the "high seas," or over "any other waters within the admiralty and maritime jurisdiction of the United States." Second, the same section grants jurisdiction over any vessel of the United States found upon the "high seas."

Plaintiffs first argue the "any other waters" provision, contending that the Fishery Conservation and Management Act of 1976 (16 U.S.C. §§ 1801–1882) puts all waters within the two hundred mile limit within the "admiralty and maritime jurisdiction of the United States." The purpose of the Fishery Act, however, was not to create such jurisdiction. The intent of Congress was rather "to maintain without change the existing territorial or other ocean jurisdiction of the United States for all purposes other than the conservation and management of fishery resources." 16 U.S.C. § 1801(c)(1). The Isabel was not, therefore, in "waters within the admiralty and maritime jurisdiction of the United States."

Plaintiffs next argue that the injury occurred "in the United States" because the waters where this incident took place were "high seas," or alternatively that the Isabel was a United States vessel upon the "high seas" and therefore subject to the special admiralty jurisdiction. 18 U.S.C. § 7. Because the underlying question before the Court is whether to assume jurisdiction over a foreign state, this determination must be made in compliance with the terms of the FSIA. Section 1604 of the FSIA provides that the immunity enjoyed by a sovereign state is to be interpreted according to any international agreements "to which the United States [was] a party at the time of enacting of the Act." The FSIA was enacted on October 21, 1976. One of the international agreements to which the United States was then a party is the Convention on the High Seas, TIAS 5200, 13 UST 2312, which became effective on September 30, 1962. The first article of the Convention provides that "[t]he term "high seas" means all parts of the sea that are not included in the territorial sea or in the internal waters of a state." The territorial sea for The Bahamas, as for the United States, has a breadth of three miles. In view of the fact that the Convention specifically excludes territorial waters from the definition of the "high seas," the United

States does not have jurisdiction over either the waters themselves or vessels upon those waters. The injury complained of, then, did not occur "in the United States," and the exception in section 1605(a)(5) does not operate to remove The Bahamas' immunity from jurisdiction.

Plaintiffs have failed to show how The Bahamas fits into any of the exceptions to the immunity granted all foreign states by the FSIA. Accordingly, this Court lacks jurisdiction over this action and defendant's motion to dismiss for lack of jurisdiction is granted. An order consistent with this memorandum follows.