**M.B.L. INTERNATIONAL CONTRACTORS, INC., et al., Petitioners,**

v.

**REPUBLIC OF TRINIDAD AND TOBAGO, Respondent.**

**Civ. A. No. 89–1003.**

United States District Court, District of Columbia.

Oct. 30, 1989.

---

Daniel K. Mayers, Wilmer, Cutler & Pickering, Washington, D.C., for defendant.

James J. Tansey, Washington, D.C., for plaintiff.

## OPINION AND ORDER

REVERCOMB, District Judge.

This matter is before the Court pursuant to Respondent's motion to dismiss with prejudice Petitioners' Petition to Confirm Arbitration Award for lack of subject matter and personal jurisdiction. Fed.Rules Civ.P. 12(b)(1), (2).

### Statement of Facts

Petitioner M.B.L. International Contractors, Inc. is a corporation incorporated under the laws of Canada and maintains its principal place of business in Windsor, Ontario, Canada, and Petitioner Alves Contracting Company Limited is a corporation organized under the laws of the Republic of Trinidad and Tobago and maintains its principal place of business in Trinidad, West Indies. Respondent Republic of Trinidad and Tobago is a foreign state as defined in the Foreign Sovereign Immunities Act, 28 U.S.C. § 1602 et seq., and maintains an Office of Embassy in Washington, D.C.

On December 22, 1981, Petitioners signed a commercial contract with Respondent in which Petitioners were to repair airfield pavements at Piarco International and Crown Point Airports in Trinidad and Tobago. Disputes arose between the parties in the course of performance of the contract. The parties agreed that the disputes should be resolved by final and binding arbitration and by an agreement dated September 3, 1985 the parties appointed Selby Wooding, Q.C., as arbitrator.

On October 19, 1988 the parties agreed to resolve their disputes. On November 17, 1988 the arbitrator made an award and issued his written decision. On January 11, 1989 the Supreme Court of Judicature of Trinidad and Tobago entered an order allowing petitioners to enforce the November 17, 1988 award in the same manner as a judgment or order of the Court.

Petitioners made demand upon Respondent for payment pursuant to the terms of the award but Respondent has not yet complied. Petitioners filed this action to confirm the arbitration award as the first step in enforcing that award against Respondent in the United States pursuant to the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the Convention), 9 U.S.C. § 201 et seq.

### Legal Analysis

Respondent has moved that this Court dismiss Petitioners' action with prejudice pursuant to Fed.R.Civ.P. 12(b)(1), (2) on the ground that sovereign immunity precludes this Court's exercise of subject matter and personal jurisdiction over Respondent.

The Foreign Sovereign Immunities Act (FSIA) provides that foreign states are immune from the jurisdiction of United States courts except as provided in 28 U.S.C. §§ 1605–1607. 28 U.S.C. § 1330(a).[1] Among the exceptions is where the foreign state expressly or impliedly waives its sov-

---

**1.** Section 1330(a) provides:
The district courts shall have original jurisdiction without regard to amount in controversy of any nonjury civil action against a foreign state as defined in section 1603(a) of this title as to any claim for relief in personam with respect to which the foreign state is not entitled to immunity under sections 1605–1607 of this title or under any applicable international agreement.

ereign immunity. 28 U.S.C. § 1605(a)(1).[2]

Petitioners contend that the Respondent impliedly waived its sovereign immunity by agreeing to submit this dispute to arbitration which is governed by the Convention on the Recognition and Enforcement of Foreign Arbitral Awards and Chapter II of the Federal Arbitration Act (the Convention). 9 U.S.C. § 201 et seq. Respondent concedes that it is a signatory to the Convention and that the Convention in fact applies to the arbitration in issue. Respondent's Motion to Dismiss Plaintiffs' Petition to Confirm Arbitration Award at 3 n. 3. However, Respondent contends that there is no waiver on the ground that the arbitration agreement provides that the law of Trinidad and Tobago governs the arbitration of the disputes.

■ Respondent's reliance on *Perez v. Bahamas*, 482 F.Supp. 1208 (D.D.C.1980), *aff'd*, 652 F.2d 186 (D.C.Cir.), *cert. denied*, 454 U.S. 865, 102 S.Ct. 326, 70 L.Ed.2d 166 (1981), is misplaced. In *Perez v. Bahamas*, the Court held that a foreign state's willingness to submit a dispute to its own courts is not a waiver of immunity in United States courts. *Id.* at 1209–10. However, this decision simply stands for the well recognized principle that a foreign state can determine not only whether it can be sued but also where it can be sued. When the Bahamian government made clear that it was to submit its dispute to its own courts the clear negative implication was that it was not consenting to be sued in any other forum. In the instant case, however, the arbitration agreement contains no provision that the Respondent was willing to have the dispute settled only in its own courts. Rather, the agreement simply provides that the Respondent's law will apply to the dispute. Respondent's selection of its own law as the governing law for the underlying dispute is not tantamount to providing that only Respondent's courts can enforce the arbitration award.

That Respondent's choice of law is not equivalent to a choice of forum is demonstrated in *Ipitrade Int'l, S.A. v. Federal Republic of Nigeria*, 465 F.Supp. 824 (D.D.C.1978), where the Court held that Nigeria, who had signed the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards, had waived its sovereign immunity because it had entered a commercial contract with Ipitrade International, S.A. which expressly provided that any dispute which arose under the contract would be submitted to arbitration and that the laws of Switzerland would govern. *Id.* at 826. Although in the instant case the Respondent selected its own law as the governing law rather than another country's law, this distinction is only of import if the choice of governing law is also to determine choice of forum. However, in *Ipitrade Int'l, S.A. v. Federal Republic of Nigeria*, the Court clearly did not treat Nigeria's consent to Swiss law as consent only to a Swiss forum. Notwithstanding that neither of the parties were related to the United States and the underlying dispute contained no connection to the United States, the Court held that the United States was an available forum in which the Petitioner could seek to confirm its arbitration award pursuant to the Convention.[3] *Id.* at 826.

---

**2.** Section 1605(a)(1) provides:
A foreign state shall not be immune from the jurisdiction of courts of the United States or of the States in any case—
   (1) in which the foreign state has waived its immunity either explicitly or by implication, notwithstanding any withdrawal of the waiver which the foreign state may purport to effect except in accordance with the terms of the waiver;

**3.** Several courts have reached conclusions different from that in *Ipitrade Int'l, S.A. v. Federal Republic of Nigeria.* For example, in *Verlinden B.V. v. Central Bank of Nigeria*, 488 F.Supp. 1284 (S.D.N.Y.1980), *aff'd*, 647 F.2d 320 (2d Cir. 1981), *rev'd*, 461 U.S. 480, 103 S.Ct. 1962, 76 L.Ed.2d 81 (1983), the Court expressly questioned its soundness:

It may be reasonable to suggest that a sovereign state which agrees to be governed by the laws of the United States ... has implicitly waived its ability to assert the defense of sovereign immunity when sued in an American court. But *it is quite another matter to* suggest, as did the Court in *Ipitrade*, that a sovereign state which agrees to be governed by the laws of a *third-party* country ... is thereby precluded from asserting its immunity in an American court.

The instant case is similar to the facts and issues in *Liberian Eastern Timber Corp. v. Republic of Liberia,* 650 F.Supp. 73 (S.D.N.Y.1986), in which the Republic of Liberia moved to vacate an ex parte judgment entered by an American court which enforced an arbitration award entered against it under the Convention on the Settlement of Investment Disputes Between States and Nationals of Other States (Investment Disputes Convention). Liberia claimed that the court which entered the ex parte judgment did not have jurisdiction under the FSIA and that Liberia did waive its sovereign immunity by entering into an agreement to arbitrate under the Investment Disputes Convention. However, Article 54 of the Investment Disputes Convention provided:

> Each Contracting State shall recognize an award rendered pursuant to this Convention as binding and enforce the pecuniary obligations imposed by that award within its territories as if it were a final judgment of a court in that State.

The Court ruled that, notwithstanding the fact that Liberia was a foreign state and the plaintiff company was a French entity, Liberia had impliedly waived its immunity to jurisdiction in the United States:

> Liberia, as a signatory to the Convention, waived its sovereign immunity in the United States with respect to the enforcement of any arbitration award entered pursuant to the Convention. When it entered into the contract with [plaintiff company], with its specific provision that any dispute thereunder be settled by arbitration [pursuant to the terms of the Convention] ... it invoked the provision

contained in Article 54 of the Convention which requires enforcement of such an award by Contracting States. That action, and reading the treaty as a whole, leaves little doubt that the signatories to the Convention intended that awards made pursuant to its provisions be given full faith and credit in their respective jurisdictions subject to such rights as are reserved by signatories thereunder. Therefore, Liberia clearly contemplated the involvement of the courts of any of the Contracting States, including the United States as a signatory to the Convention, in enforcing the pecuniary obligations of the award.

*Id.* at 76 (footnote citations omitted).

■ In the instant case Petitioners are seeking to affirm an arbitration award that was entered against Respondent pursuant to the Convention. To accept Respondent's contention that it did not waive its sovereign immunity by agreeing to arbitrate this dispute under the terms of the Convention would defeat the very purpose of the Convention which is to provide for the enforcement of foreign arbitration awards. Article I of the Convention states that the Convention "shall apply to the recognition and enforcement of arbitral awards made in the territory of a State other than the State where the recognition and enforcement of such awards are sought." 9 U.S.C. § 201 note. Further, Article III provides: "Each contracting State shall recognize arbitral awards as binding and enforce them in accordance with the rules of procedure of the territory where the award is relied upon under the conditions laid down in the following articles." Accordingly, as

---

*Id.* at 1301. *See also Texas Trading & Milling v. Federal Republic of Nigeria,* 500 F.Supp. 320, 323 n. 3 (S.D.N.Y.1980), *rev'd on other grounds,* 647 F.2d 300 (2d Cir.1981), *cert. denied,* 454 U.S. 1148, 102 S.Ct. 1012, 71 L.Ed.2d 301 (1982); *Ohntrup v. Firearms Center, Inc.,* 516 F.Supp. 1281 (E.D.Pa.1981), *aff'd without opinion,* 760 F.2d 259, *later proceeding,* 802 F.2d 676 (3d Cir.1985). This Court does not have the same reservations towards the decision in *Ipitrade Int'l, S.A. v. Federal Republic of Nigeria.* The legislative history to 28 U.S.C. § 1605(a)(1) expressly states that

> With respect to implicit waivers, the courts have found such waivers in cases where a

foreign state has agreed to arbitration in another country or where the foreign state has agreed that the law of a particular country should govern a contract.

H.R.Rep. No. 94–1487, 94th Cong., 2d Sess. 18, *reprinted in* 1976 U.S.Code Cong. & Admin. News, at 6604, 6617. Indeed, *Ipitrade* has since been cited with approval and followed in this district. *See, e.g., Marlowe v. Argentine Naval Comm'n,* 604 F.Supp. 703, 709 (D.D.C.1985); *Libyan American Oil Co. v. Socialist People's Libyan Arab Jamahirya,* 482 F.Supp. 1175, 1178 (D.D.C.1980), *vacated without opinion,* 684 F.2d 1032 (D.C.Cir.1981).

in *Liberian Eastern Timber Corp.*, this Court rules that the Respondent must have contemplated the participation of the United States courts for enforcement of arbitration awards under the Convention notwithstanding that the Respondent is a foreign state and the Petitioners are foreign corporations.[4]

Respondent further contends that, even assuming it has waived its defense of sovereign immunity, it lacks sufficient contacts with the United States in order for this Court to obtain personal jurisdiction over it. However, "[b]ecause the FSIA governs both personal and subject matter jurisdiction ... [Respondent's] implicit waiver of immunity under § 1605(a)(1) constituted a waiver of the defense of lack of personal jurisdiction" notwithstanding the absence of minimum contacts otherwise required. *Marlowe v. Argentine Naval Comm'n*, 604 F.Supp. at 710 (citations omitted).

Accordingly, it is hereby

ORDERED that Respondent's Motion to Dismiss is DENIED; and it is further

ORDERED that Respondent serve and file a responsive pleading to Petitioners' Petition to Confirm Arbitration Award within 10 days.

---

**4.** The Petitioners contend that even assuming that the Respondent did not waive its immunity pursuant to 28 U.S.C. § 1605(a)(1) by agreeing to arbitrate under the terms of the Convention to which Respondent is a signatory this Court would have jurisdiction over Respondent pursuant to the November 19, 1988 amendment to the FSIA, 28 U.S.C. § 1605(a)(6), which provides:

A foreign state shall not be immune from the jurisdiction of courts of the United States or of the United States in any case—

\*     \*     \*     \*     \*     \*

(6) in which the action is brought, either to enforce an agreement made by the foreign State with or for the benefit of a private party to submit to arbitration all or any differences which have arisen or which may arise between the parties with respect to a defined legal relationship, whether contractual or not, concerning a subject matter capable of settlement by arbitration under the laws of the United States, or to confirm an award made pursuant to such an agreement to arbitrate, if (A) the arbitration takes place or is intended to take place in the United States, (B) the agreement or award is or may be governed by a treaty or other international agreement in force for the United States calling for the recognition and enforcement of arbitral awards, (C) the underlying claim, save for the agreement to arbitrate, could have been brought in a United States court under this section or section 1607, or (D) paragraph (1) of this subsection is otherwise applicable.

Respondent concedes that the amendment would apply to the facts of this matter but for the fact that all of the events in this matter precede the effective date of the amendment. This Court does not determine whether the amendment can be retroactively applied where Respondent has clearly waived any immunity it would otherwise be entitled to invoke.