819 F.2d 373
 Peter OTTLEY, as President of Local 144, Hotel, Hospital,
Nursing Home and Allied Services Union, SEIU, AFL-CIO, and
as Trustee of the New York City Nursing Home--Local 144
Welfare Fund, the Local 144 Nursing Home Pension Fund, and
the Local 144 Health Facilities Training & Upgrading Fund,
Petitioner- Appellant,
v.
Albert SCHWARTZBERG, Rose Boritzer, and Arno Boritzer d/b/a
Kingsbridge Heights Manor, Respondents-Appellees.
 No. 757, Docket 86-7036.
 United States Court of Appeals,
Second Circuit.
 Argued Feb. 11, 1987.
Decided May 27, 1987.
 
 Stephen Appell, New York City (Vladeck, Waldman, Elias & Engelhard, P.C., New York City, of counsel), for petitioner-appellant.
 Elliot B. Pasik, New York City, for respondents-appellees.
 Before FEINBERG, Chief Judge, LUMBARD and MINER, Circuit Judges.
 MINER, Circuit Judge:
 
 
 1
 Petitioner-appellant Peter Ottley filed a petition to confirm an arbitration award in the United States District Court for the Southern District of New York (Carter, J.). In his petition, Ottley requested that, in the event confirmation was opposed, respondents-appellees Albert Schwartzberg, Rose Boritzer, and Arno Boritzer be required to pay damages authorized by section 502(g)(2) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. Sec. 1132(g)(2) (1982). The district court denied the petition to confirm, and remanded the matter to the arbitrator to determine whether respondents were in compliance with the award.
 
 
 2
 Ottley appeals from the district court order, seeking confirmation of the award and renewing his claims for damages. Respondents urge dismissal of this appeal on jurisdictional grounds, contending that the district court's order is not a final, appealable order within the purview of 28 U.S.C. Sec. 1291 (1982).
 
 
 3
 We hold that the order is appealable, that the district court's remand to the arbitrator was improper, and that petitioner's ERISA claims for damages were not properly joined in a petition to confirm an arbitration award.
 
 
 4
 We reverse and remand with instructions that the petition to confirm be granted and that the ERISA claims be dismissed without prejudice.
 
 I. BACKGROUND
 
 5
 Petitioner-appellant Peter Ottley is President of Local 144 of the Hotel, Hospital, Nursing Home and Allied Services Union, SEIU, AFL-CIO. Ottley also serves as trustee of three labor-management trust funds. Two of these funds--the Welfare Fund and the Training Fund--are employee welfare benefit plans within the meaning of 29 U.S.C. Sec. 1002(1) (1982); the Pension Fund is an employee pension plan under 29 U.S.C. Sec. 1002(2) (1982). Respondents-appellees Albert Schwartzberg, Rose Boritzer, and Arno Boritzer are members of a partnership doing business as Kingsbridge Heights Manor, a residential health care facility located in Bronx, New York. Under a series of collective bargaining agreements, respondents are required to make monthly contributions to the three trust funds, based on a percentage of the employer's gross monthly payroll for those employees covered by the labor contracts. The contracts also mandate binding arbitration of disputes arising between the union and respondents.
 
 
 6
 Following the execution of the most recent labor agreement, Ottley and the union commenced an arbitration proceeding against respondents, based on their alleged failure to meet monthly obligations to the Welfare and Pension Funds. After submission of the dispute to arbitration, a memorandum of agreement was executed by the parties on February 4, 1985. Under the agreement, respondents acknowledged indebtedness of $360,000.00 through the period ending December 31, 1984 and consented to an arbitration award in that amount. Respondents agreed not to oppose confirmation of the arbitrator's award, and a repayment schedule was established. On February 8, 1985, the arbitrator issued a consent award based on the terms of the memorandum of agreement. It provided, inter alia, that "this Award may be confirmed in any court of competent jurisdiction, and, the Employer, pursuant to its specific agreement[,] shall not oppose confirmation of this Award."
 
 
 7
 Alleging that respondents had failed to comply with the repayment schedule and that they had fallen behind in their current obligations to the funds, Ottley filed a petition to confirm the consent award in the district court on May 24, 1985. The petition sought an order requiring respondents to remit the sums fixed by the arbitration award and to pay costs and attorneys' fees. In the event that respondents opposed the petition, Ottley requested that they be required to pay damages authorized by the civil enforcement provisions of ERISA. See 29 U.S.C. Sec. 1132(g)(2). Respondents maintained that, while they "[did] not wish to oppose confirmation," the petition to confirm was inappropriate inasmuch as the alleged default had been cured.
 
 
 8
 On October 24, 1985, Judge Carter denied the petition and remanded the proceedings to the arbitrator for a determination of respondents' compliance with the award. Petitioner's motion for reconsideration was denied by the district judge on December 10, 1985. Petitioner filed a timely notice of appeal.
 
 II. DISCUSSION
 
 9
 Section 9 of the Federal Arbitration Act, 9 U.S.C. Sec. 9 (1982) (the "Act"), sets forth the procedures under which arbitration awards are to be confirmed by district courts. The statute provides that the district court must grant a petition to confirm an arbitration award if it properly is brought within one year of the date of the award, unless one of the statutory bases for vacating or modifying the award is established. See 9 U.S.C. Secs. 10, 11 (1982); see also Sperry Int'l Trade, Inc. v. Government of Israel, 689 F.2d 301, 304 (2d Cir.1982); Diapulse Corp. v. Carba, Ltd., 626 F.2d 1108, 1110 (2d Cir.1980). In the confirmation proceedings below, respondents did not raise any of the statutory grounds for vacatur or modification. In fact, respondents now maintain that they did not oppose confirmation of the award. Nonetheless, the district court denied the petition to confirm.
 
 
 10
 At the outset, we must confront respondents' challenge to our jurisdiction to entertain this appeal. Respondents contend that, because the district court remanded the proceedings to the arbitrator to determine compliance, the district court's order is not appealable under 28 U.S.C. Sec. 1291, which grants appellate jurisdiction over "appeals from all final decisions of the district courts." Respondents support their contention by pointing to a number of cases in which appeals have been dismissed for lack of appellate jurisdiction where arbitrable issues remained to be determined. See, e.g., Shearson Loeb Rhoades, Inc. v. Much, 754 F.2d 773 (7th Cir.1985) (district court order vacating and remanding to arbitrators damages portion of arbitration award not an appealable final order); Liberian Vertex Transports, Inc. v. Associated Bulk Carriers, Ltd., 738 F.2d 85 (2d Cir.1984) (district court order denying petition to confirm partial arbitration award and vacating award not an appealable final order); Strathatos v. Arnold Bernstein S.S. Corp., 202 F.2d 525 (2d Cir.1953) (district court order vacating award and resubmitting to arbitration on basis of newly discovered evidence of arbitrator's potential bias not an appealable final order).
 
 
 11
 Respondents' reliance on such cases, however, is misplaced. The cited cases involved district court orders that resulted in a continuation of the arbitration proceedings; issues properly the subject of arbitration were yet to be resolved. Where a district court order does not put an end to the arbitration proceedings, the "usual justification for appealability--that nothing remains to be done in the action--does not apply." Liberian Vertex Transports, 738 F.2d at 87 (citation omitted). The case at bar does not present such jurisdictional obstacles. As we explain below, the arbitrator has made his determination and a final award has been rendered; all issues properly within the arbitrator's province have been resolved. Accordingly, the district court order denying confirmation is a final, appealable order.
 
 
 12
 Absent a statutory basis for modification or vacatur, the district court's task was to confirm the arbitrator's final award as mandated by section 9 of the Act. Smiga v. Dean Witter Reynolds, Inc., 766 F.2d 698, 707 (2d Cir.1985), cert. denied, --- U.S. ----, 106 S.Ct. 1381, 89 L.Ed.2d 607 (1986). See also Sperry Int'l Trade, 689 F.2d at 304; Advance Publications, Inc. v. Newspaper Guild, 616 F.2d 614, 618 (2d Cir.1980); Hellman v. Program Printing, Inc., 400 F.Supp. 915, 918 (S.D.N.Y.1975). Moreover, the showing required to avoid summary confirmation is high. E.g., National Bulk Carriers, Inc. v. Princess Management Co., 597 F.2d 819, 825 (2d Cir.1979) ("only 'clear evidence of impropriety' justifies denial of summary confirmation") (quoting Andros Compania Maritima S.A. v. Marc Rich & Co., A.G., 579 F.2d 691, 702 (2d Cir.1978)). It was improper for the district court to remand the proceedings to the arbitrator for a determination of the parties' compliance. "A remand for further arbitration is appropriate in only certain limited circumstances such as when an award is incomplete or ambiguous." United Steel Workers v. Adbill Management Corp., 754 F.2d 138, 141 (3d Cir.1985) (citation omitted). Indefinite, incomplete, or ambiguous awards are remanded "so that the court will know exactly what it is being asked to enforce." American Ins. Co. v. Seagull Compania Naviera, S.A., 774 F.2d 64, 67 (2d Cir.1985). We have observed that "courts on occasion may remand awards to arbitrators to clarify the meaning or effect of an award, or to determine whether the arbitrator has in some way exceeded his powers." Siegel v. Titan Indus. Corp., 779 F.2d 891, 894 (2d Cir.1985) (per curiam) (citations omitted).
 
 
 13
 In remanding the proceedings, the district court here did not rely on any of the aforementioned grounds, and none was asserted. Indeed, we find nothing at all ambiguous or improper about the arbitrator's award. The district court remanded solely for purposes of monitoring compliance. However, we are directed to no authority for the proposition that arbitrators may review compliance with their own awards. "[T]he scope of authority of arbitrators generally depends on the intention of the parties to an arbitration, and is determined by the agreement or submission. Such an agreement or submission serves not only to define, but to circumscribe, the authority of arbitrators." 6 C.J.S. Arbitration Sec. 69, at 280-81 (1975). Because there is no indication that the parties agreed to submit the issue of compliance to the arbitrator, we think it clear that the arbitrator was without authority to rule on that issue. Allowing the remand in this case "would require the arbitrator to pass upon issues of compliance which were not within the scope of the matters originally presented to him." United Papermakers & Paperworkers, Local 675 v. Westvaco Corp., 461 F.Supp. 1022, 1024 (W.D.Va.1978). Moreover, "[a]s a general rule, once an arbitration panel decides the submitted issues, it becomes functus officio and lacks any further power to act." Proodos Marine Carriers Co. v. Overseas Shipping & Logistics, 578 F.Supp. 207, 211 (S.D.N.Y.1984). See 5 Am.Jur.2d Arbitration & Award Sec. 96, at 593 (1962) ("Since the final determination by the arbitrators of matters in dispute fulfils the purpose of the submission, the authority of arbitrators terminates with the making of a valid, final award."). Because the parties did not submit issues of compliance to arbitration, and because the issuance of a final award terminated the arbitrator's authority, the district court's remand to the arbitrator was error.
 
 
 14
 As a final matter, we must dispose of the ERISA claims for damages joined in the confirmation petition. Petitioner requested that the district court order respondents to pay damages permitted under ERISA in the event that they opposed confirmation. The statutory predicate for petitioner's damages claims, 29 U.S.C. Sec. 1132(g)(2), is the ERISA civil enforcement provision. It empowers certain individuals to bring civil actions, inter alia, to force compliance with various ERISA provisions and the terms of labor agreements governing ERISA-covered benefit plans. A review of this provision indicates that it contemplates a formal adjudication.
 
 
 15
 Actions to confirm arbitration awards, by contrast, are straightforward proceedings in which no other claims are to be adjudicated. "[T]he confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." Florasynth, Inc. v. Pickholz, 750 F.2d 171, 176 (2d Cir.1984) (citation omitted). Accord Taylor v. Nelson, 788 F.2d 220, 225 (4th Cir.1986). As previously discussed, in a confirmation proceeding, the court properly may consider only the statutory bases for modifying or vacating an award and challenges to the award's clarity. We also observe that petitioner did not plead his ERISA claims separately. In light of this fact, and because of the summary nature of confirmation proceedings, we have little difficulty in concluding that an action to confirm an arbitration award is not an appropriate vehicle for adjudication of ERISA claims for damages.
 
 CONCLUSION
 
 16
 To summarize: we reverse and remand the district court order and direct that the petition to confirm the award be granted; petitioner's ERISA claims, which were not properly joined in the confirmation action, are to be dismissed without prejudice.