ARCHITECTURAL AND ORNAMENTAL IRON WORKERS LOCAL UNION NO. 580 OF the INTERNATIONAL ASSOCIATION OF BRIDGE, STRUCTURAL AND ORNAMENTAL IRON WORKERS, Petitioner,

v.

JMB CORPORATION, Respondent.

No. 86 Civ. 8997 (PKL).

United States District Court, S.D. New York.

Aug. 26, 1987.

Colleran, O'Hara & Mills, P.C., Mineola, N.Y., Edward J. Groarke, of counsel, for petitioner.

Seyfarth, Shaw, Fairweather & Geraldson, New York City, Timothy J. McInnis, of counsel, for respondent.

## OPINION & ORDER

LEISURE, District Judge:

Petitioner moves to confirm an arbitration award dated January 24, 1986 (the "Award'). Respondent moves to vacate the Award.

This dispute arises out of respondent's obligation, pursuant to a collective bargaining agreement, to make payments to various employee benefit and welfare funds. The Abitrator awarded petitioner $14,274 for outstanding fund contributions, $1,603 for audit costs, $3,568.50 for attorney's fees, $2,854 for liquidated damages, $1,600 for arbitration costs, and $3,211.65 for simple interest on the underpayments.

Respondent's motion to vacate the Award is based on only two grounds. Respondent contends that the Arbitrator exceeded his authority by: 1) awarding punitive damages in the guise of liquidated damages; and 2) ordering payment of benefits on behalf of an individual who was allegedly never employed by respondent.

### Discussion

Respondent claims that the award of liquidated damages was punitive because the other components of damages will fully compensate petitioner for its losses. This argument ignores 29 U.S.C. §§ 1132 & 1145, which govern the enforcement of employer contributions to employee pension and welfare trust funds. *See Trustees of Glaziers Local 963 v. Walker*

*and Laberge Co.*, 619 F.Supp. 1402, 1403–04 (D.Md.1985). Section 1132(g)(2) provides that an award shall include the unpaid contributions, attorney's fees, costs and, in addition, double interest or interest plus liquidated damages provided for by contract, whichever is greater. *Id.*[1] *See O'Hare v. General Marine Transport Corp.*, 740 F.2d 160, 163, 170–71 (2d Cir. 1984)(affirming award of money, along with "double interest penalty" and attorney's fees under § 1132(g)(2)), *cert. denied*, 469 U.S. 1212, 105 S.Ct. 1181, 84 L.Ed.2d 329 (1985). Congress was concerned that the " '[f]ailure of employers to make promised contributions in a timely fashion imposes a variety of costs' " on the funds, including the loss of " 'the benefit of investment income that could have been received and invested on time.' " *Walker and Laberge Co.*, 619 F.Supp. at 1404 (quoting legislative history). Thus, "§ 1132(g)(2) was enacted to provide stiffer sanctions against employers...." *Id.* at 1404. *See also Teamsters Pension Trust Fund v. John Tinney Delivery Service, Inc.*, 732 F.2d 319, 321 (3d Cir.1984). Accordingly, respondent's assertion that the award of liquidated damages is "contrary to public policy," Respondent's Memorandum of Law at 3, is without merit.[2]

Respondent also contends that the Arbitrator erred by awarding 440 hours worth of benefits on behalf of Erby McCall, despite respondent's evidence that he "did not work for [respondent] but rather worked for Gichner Iron Works, a totally separate corporation...." Respondent's Memorandum of Law at 13. "It is well-recognized that it is not within the province of the federal courts to review the merits of an arbitration award." *International Chemical Workers Union, Local No. 227 v. BASF Wyandotte Corp.*, 774 F.2d 43, 45 (2d Cir.1985) (citations omitted). "[A]n arbitration award will not be vacated when the arbitrator explains his decision 'in terms that offer even a barely colorable justification for the outcome reached....' " *Pinkerton's NY Racing Security Service, Inc. v. Local 32E Service Employees International Union*, 805 F.2d 470, 473 (2d Cir.1986) (citations omitted). *See also Local One, Amalgamated Lithographers of America v. Stearns & Beale, Inc.*, 812 F.2d 763, 768 (2d Cir.1987). In this case, the Arbitrator specifically treated the issue of contributions on behalf of McCall, and offered a colorable justification for his conclusion. *See* Award and Opinion at 7–8, 11.[3] *See also Ottley v. Schwartzberg*, 819 F.2d 373, 376 (2d Cir.1987) ("[T]he showing required to avoid summary confirmation is high.").

Accordingly, petitioner's motion to confirm the Award is hereby granted. Petitioner's motion, pursuant to Fed.R.Civ.P. 11 and the Court's inherent authority, for attorney's fees and costs incurred herein is denied. Petitioner is hereby directed to submit a judgment in conformity with this opinion within seven days from the date hereof.

SO ORDERED

---

1. Tracking the language of § 1132(g)(2), the collective bargaining agreement in this case provides for liquidated damages not in excess of 20 percent of the employer's indebtedness.

2. In *Ottley v. Schwartzberg*, 819 F.2d 373 (2d Cir.1987), the Court held that "an action to confirm an arbitration award is not an appropriate vehicle for *adjudication* of ERISA claims for damages" pursuant to § 1132(g)(2). *Id.* at 376–77 (emphasis added). In this confirmation proceeding, the Court has not adjudicated a claim for damages under § 1132(g)(2). Rather, the Court has merely rejected, on the basis of § 1132(g)(2), respondent's contention that the Award must be vacated because recovery of liquidated damages in addition to compensatory damages is against public policy. *Compare O'Hare*, 740 F.2d at 170 (rejecting, on basis of § 1132(g)(2), claim that damages awarded by *Court* were punitive and against public policy).

3. The Arbitrator stated, "[A]ny payments that may have been made to McCall through Gichner [Iron Works, Inc.] for work within Local 580's jurisdiction [are] also properly subject to contributions to the Funds. By [respondent J.M.B.'s] refusal to provide the auditor with Gichner pay and related records, the audit covered only J.M.B. data containing payments to McCall. These dat[a] were in large part the basis for the auditor's underpayment findings." Award and Opinion at 11.