101 F.3d 682
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
LA REUNION FRANCAISE, Petitioner-Appellant,
v.
Christopher J. MARTIN, as Subscribing Underwriter on behalf
of himself and on behalf of all other participating
Underwriters at Lloyd's of London; C. Roy Hill; M.F.
Baird; A.P. Bartlett; G.C. Welch; P.D. Morey; S.F.
Fletcher; M.J. White; P.D. Maughan; B.J. Adams; M.W.
Blair; A.D. Pilcher; S.R. Bishop; S.I. Cowley; I.C.
Agnew; S.H. Barder; D. Wills; P.H. Jenks; K.R. Potter;
C.W. Rome; T.J. Kemp; E. Pieri; G.C.F. Palmer; S.J.O.
Catlin, pursuant to their proportionate subscribing shares,
Respondents-Appellees.
 No. 95-9160.
 United States Court of Appeals, Second Circuit.
 April 23, 1996.
 
 APPEARING FOR APPELLANT: Elliott M. Kroll, Kroll & Tract, New York, NY.
 APPEARING FOR APPELLEES: Lawrence W. Pollack, LeBoeuf, Lamb, Greene & MacRae, LLP, New York, NY.
 S.D.N.Y
 AFFIRMED.
 Before MINER, McLAUGHLIN and LEVAL, Circuit Judges.
 UPON CONSIDERATION of this appeal from a judgment of the United States District Court for the Southern District of New York, it is hereby
 ORDERED, ADJUDGED, AND DECREED that the judgment be and it hereby is AFFIRMED.
 This cause came on to be heard on the transcript of record and was argued by counsel.
 Petitioner-appellant La Reunion Francaise ("LRF") appeals from orders of the United States District Court for the Southern District of New York (Mukasey, J.), remanding for clarification of an arbitrator's initial award, confirming the arbitrator's final award, and denying LRF's motion for reargument.
 
 
 1
 In November of 1991, LRF, a French insurance company, entered into a reinsurance agreement (the "Agreement") with respondents-appellees Christopher J. Martin and other underwriters at Lloyd's of London named as parties in this action (together, "Lloyd's Underwriters"). Under the Agreement, the Lloyd's Underwriters were reinsurers and LRF was reinsured. The Agreement provided that all disputes between the parties would be submitted to arbitration. In May of 1992, LRF demanded arbitration of a dispute concerning whether a separate "claims control clause" was part of the Agreement so as to require the Lloyd's Underwriters to handle a claim brought by LRF's insureds, Heftsiba Overseas Works Limited and Yona International Limited (together, "Yona"), and to indemnify LRF for expenses incurred in defending against the claim. The claims control clause provided, in part, that "the Reinsurers agree to indemnify the Reinsured for any and all loss or expense which the Reinsured may sustain by reason of having fulfilled [Reinsurer's] instruction [regarding handling of a claim]." The Lloyd's Underwriters disagreed with LRF's contention that this clause constituted part of the Agreement.
 
 
 2
 Following a hearing, arbitrator Gerald F. Fisher (the "Arbitrator") issued an award (the "Initial Award") providing, in relevant part, that the Lloyd's Underwriters "shall comply with the obligations set forth in the Claims Control Clause ... with respect to the [Yona claim]. This applies to both past and future 'loss and expenses' as those terms are used in the Claims Control Clause." On November 8, 1993, the district court confirmed the Initial Award, and judgment was entered on November 9th.
 
 
 3
 LRF then submitted to the Lloyd's Underwriters a request for reimbursement of certain expenses that it had incurred in connection with the Yona claim. The Lloyd's Underwriters, however, asserted that only expenses incurred after January 26, 1992 were reimbursable. They argue that, because this was the date on which they instructed LRF how to handle the Yona claim, only expenses incurred thereafter come within the provision of the Claims Control Clause, those being expenses "which the Reinsured ... sustain[ed] by reason of having fulfilled [Reinsurer's] instruction." This position, they claimed, was consistent with the Initial Award, which awarded LRF past expenses "as those terms are used in the Claims Control Clause."
 
 
 4
 On February 28, 1994, LRF moved in the district court to enforce the November 9, 1993 judgment confirming the Initial Award. The Lloyd's Underwriters opposed the motion and demanded a new arbitration to resolve the dispute concerning the amount of expenses owed to LRF. On March 30, 1994, the district court ordered that the case be "remanded to the arbitrator for clarification as to computation of the sums covered by the award."
 
 
 5
 After holding two conferences and receiving written submissions from the parties, the Arbitrator issued an award (the "Final Award") providing, in part, that "[t]he Award of October 15, 1993 is clarified with respect to its application to past 'loss and expenses' as those terms are used in the Claims Control Clause as follows: the Award did not include expenses incurred prior to January 26, 1992." The Lloyd's Underwriters then moved to confirm the Final Award, and LRF opposed confirmation and cross-moved to vacate the Final Award. On June 1, 1995, the district court denied LRF's motion and confirmed the Final Award. LRF moved for reargument, and the district court denied the motion on October 23, 1995.
 
 
 6
 On appeal, LRF argues that the district court erred in remanding to the Arbitrator for clarification. We disagree. "An ambiguous award should be remanded to the arbitrators so that the court will know exactly what it is being asked to enforce." Americas Ins. Co. v. Seagull Compania Naviera, S.A., 774 F.2d 64, 67 (2d Cir.1985). In York Research Corp. v. Landgarten, 927 F.2d 119 (2d Cir.1991), this court remanded to the district court to seek clarification from the arbitrators as to a portion of their award granting "any and all damages and expenses." Id. at 123. We found remand to be necessary because we were "unable to determine whether the arbitrators intended the word 'expenses' to include attorneys' fees." Id. Similarly, in the present case, the district court was unable to determine from the language "past and future 'loss and expenses' " what sums were intended by the Arbitrator to be reimbursable. Accordingly, the district court properly remanded to the arbitrator for clarification.
 
 
 7
 LRF also contends that the Arbitrator transcended the scope of the remand by the district court, and therefore that the district court erred in confirming the Final Award. This contention is without merit. "[T]he confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." Florasynth, Inc. v. Pickholz, 750 F.2d 171, 176 (2d Cir.1984). "[T]he showing required to avoid summary confirmation is high." Ottley v. Schwartzberg, 819 F.2d 373, 376 (2d Cir.1987). In the present case, the district court remanded to the Arbitrator for clarification as to the "computation of the sums covered by the award." In response, the Arbitrator stated "the Award did not include expenses incurred prior to January 26, 1992." Because the Arbitrator directly answered the district court's request for clarification and did not transcend the scope of the remand, the district court did not err in confirming the Final Award.
 
 
 8
 We have considered LRF's remaining contentions, and we find them all to be without merit.