**EMERY AIR FREIGHT CORPO-
RATION, d/b/a Emery World-
wide, Plaintiff,**

v.

**LOCAL 851, INTERNATIONAL
BROTHERHOOD OF TEAMSTERS,
AFL–CIO, Defendant.**

**No. 01 CV 5468(JM).**

United States District Court,
E.D. New York.

Aug. 7, 2002.

**296**

Littler Mendelson, P.C., Pittsburgh, PA (Richard J. Antonelli, of counsel), for Plaintiff.

Vladeck, Waldman, Elias & Engelhard, P.C., New York, NY (George A. Kirschenbaum, of counsel), for Defendant.

*Memorandum of Decision and Order*

SPATT, District Judge.

Plaintiff Emery Air Freight Corporation d/b/a Emery Worldwide ("Emery") brought this action seeking to vacate an arbitration award issued pursuant to the Collective Bargaining Agreement ("CBA")

between Emery and Defendant Local 851, International Brotherhood of Teamsters AFL–CIO ("Local 851"). Local 851 moves pursuant to Federal Rule of Civil Procedure 56 for an order dismissing Emery's complaint and enforcing the arbitration award. Defendant further moves for attorneys' fees on the grounds that Emery acted in bad faith in pursuing this litigation. Emery cross-moves for summary judgment.

**A. Factual Background**

The following facts are taken from the parties' 56.1 Statement of Undisputed Material Facts. The parties agree that there are no material facts in dispute.

Emery and Local 851 are parties to a collective bargaining agreement governing Air Freight Agents employed at Emery's JFK International Airport Service Center. Roy Gaskill, Richard Mendler and William Corrado ("the employees") are members of Local 851 and were all employed by Emery at its Service Center at JFK International Airport. The employees, who were Air Freight Agents, worked on the first floor of Emery's facility and were responsible for clerical work associated with Emery's freight delivery. A related company, Emery Customs Brokers ("ECB"), was located in the same building but on the second floor. The employees of ECB are represented by a different union and are governed by that union's collective bargaining agreement with ECB.

On March 5, 2001, while the employees were at work at the Emery facility at JFK, their supervisors told them to perform clerical duties for ECB. The employees did not report to ECB and were therefore terminated for insubordination.

Local 851 filed a grievance concerning their discharge, which Emery denied. Local 851 then requested arbitration and the

case was referred to the American Arbitration Association. The parties selected Howard C. Edelman to arbitrate the dispute and he held a hearing on June 29, 2001. On July 19, 2001, Arbitrator Edelman issued a decision finding that the employees were insubordinate but holding that due to unique circumstances, the employees' discharge was not warranted. He ordered the employees reinstated without back-pay. On August 13, 2001, Emery filed this action to vacate the Arbitrator's award.

## B. Standard of Review

The court may grant summary judgment if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c); *Wilkinson v. Russell*, 182 F.3d 89, 96–7 (2d Cir.1999), *cert. denied*, 528 U.S. 1155, 120 S.Ct. 1160, 145 L.Ed.2d 1072 (2000). Here, the parties agree that there are no factual disputes and that this case involves only the question of whether Arbitrator Edelman exceeded his authority when he ordered the employees reinstated.

This Court's role in reviewing an arbitration award is extremely limited. In *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 36, 108 S.Ct. 364, 370, 98 L.Ed.2d 286 (1987), the Supreme Court held that "courts play only a limited role when asked to review the decision of an arbitrator" and may not "reconsider the merits of an award even though the parties may allege that the award rests on errors of fact or on misinterpretation of the contract." Therefore, the Court held that "as long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." 484 U.S. at 38, 108 S.Ct. at 365. Under this limited review, an arbi-

tration award is legitimate if it "draws its essence from the collective bargaining agreement" and is not the arbitrator's "own brand of industrial justice." *Id.* (*quoting United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 597, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1960)).

## C. Discussion

■ Section 22 of the Collective Bargaining Agreement that governs this dispute provides as follows:

The Arbitrator shall recognize as just cause for discharge, the following conduct:

(1) Drunkenness, Drinking during working hours (including lunch time), or being under the influence of liquor or drugs during working hours (including lunch time);

(2) Theft or dishonesty;

(3) Unprovoked assault on his Employer or his Employer's representative during work hours;

(4) Excessive tardiness or absenteeism;

(5) Serious negligence in job performance;

(6) Proven insubordination.

．　　　．　　　．　　　．　　　．

The Arbitrator may make such decision or award or disposition of the matter as to them seems just and which in addition to awarding any sum of money or damages or other relief may contain provisions commencing or restraining acts of conduct. Costs of arbitration shall be assumed by the losing party.

Arbitrator Edelman found that the employees' refusal to work for ECB was clearly insubordinate and that the employees should have obeyed Emery's order to do filing work for ECB. The Arbitrator also determined, however, that Emery did not have just cause to terminate the em-

ployees. He based this decision on his determination that

> failure to obey a directive does not automatically and irrevocably lead to summary discharge. Unique circumstances may arise which, while not necessarily justifying a decision to disobey a direct order, do mandate that a penalty less than discharge be dispensed. This is such a unique case, I find.

The Arbitrator determined that Emery's order to perform work for ECB was unusual and that Emery knew it was problematic. He further determined that the employees had a good faith bases for refusing to follow the order and that the employees had legitimate concerns that the order violated their collective bargaining agreement and forced them to perform the duties of another union. He also noted that these employees were all long term employees that had otherwise unblemished records. Arbitrator Edelman, referring to the provision in Section 22 that allows him to issue an award which "seems just," concluded that the employees' terminations were not warranted. He directed their reinstatement but denied Local 851's request for back pay.

Emery argues that this Court must vacate Arbitrator Edelman's award because he exceeded his authority when he refused to find the employees' insubordinate conduct just cause for termination. Emery contends that the language of the Agreement provides that insubordination "shall" be recognized as just cause for discharge and therefore once the Arbitrator found that the employees were insubordinate, he had no choice but to find that the employees were properly discharged. This argument ignores the provision in the CBA that provides that the arbitrator "may make such decision or award or disposition of the matter as to them seems just." Thus, the CBA vests the arbitrator with

discretion to determine an appropriate remedy. Accordingly, this Court cannot say that Arbitrator Edelman strayed beyond the four corners of the CBA in determining that suspension, rather than termination, was the appropriate penalty.

Plaintiff relies on the Sixth Circuit case *Int'l Brotherhood of Firemen v. Nestle Co., Inc.,* 630 F.2d 474 (6th Cir.1980) in support of its argument that Arbitrator Edelman exceeded his authority by ordering the reinstatement of the employees. In *Nestle,* the court found that the collective bargaining agreement expressly provided that insubordination was grounds for termination. *Id.* The court further noted, however, there was no provision in the collective bargaining agreement "giving the arbitrator power to prescribe the penalty for violation of the collective bargaining agreement." In this case, on the other hand, the arbitrator has discretion to modify the remedy imposed for insubordination and accordingly, *Nestle* is inapposite.

In addition, Plaintiff argues that the parties stipulated to limit Arbitrator Edelman's authority under the CBA. The parties stipulated to have Arbitrator Edelman decide the following questions:

> Did Emery have just cause to discharge the Grievants, Roy Gaskill, Richard Mendler and William Corrado, effective March 5, 2001?
>
> If not, what shall be the remedy?

Emery contends that this stipulation provides that Arbitrator Edelman could craft a remedy of his choosing only if he did not find just cause for termination. Therefore, Emery argues that since Arbitrator Edelman found that the employees were insubordinate, the CBA required that he find just cause for termination. It is clear that the parties may agree to circumscribe the authority of the arbitrator. *Ottley v. Schwartzberg,* 819 F.2d 373, 376 (2d Cir. 1987). However, arbitrators also have au-

thority to seek guidance from other parts of the agreement as to what the parties intended in any particular clause. *Id.* Here, Arbitrator Edelman relied on the provision permitting him to issue a "just" decision to determine that Emery did not have just cause to terminate the employees. Accordingly, Emery's argument that Arbitrator Edelman exceeded his authority is without merit.

■ Finally, Defendant seeks an order granting costs and attorneys' fees incurred in this proceeding. A court has discretion to award attorneys' fees "where the losing party has 'acted in bad faith, vexatiously, wantonly or for oppressive reasons.'" *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258–59, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975) (citation omitted). Defendant argues that Emery's attempt to have the Arbitration Award vacated is without merit and therefore it is entitled to an award of attorneys' fees. Defendant relies on case law which provides that attorneys' fees are warranted where a party's refusal to comply with the arbitrator's decision was in bad faith or frivolous. Here, however, Defendant concedes that Emery has complied with the Arbitration Award and that the employees were reinstated. Although this Court finds Emery's legal position unpersuasive, it is not so frivolous as to justify an assessment of fees. Emery has not acted with bad faith in this matter. Accordingly, Defendant's request for attorneys' fees is denied.

### Conclusion

Defendant's Motion for Summary Judgment is GRANTED and the arbitration award is affirmed. Defendant's motion for attorneys' fees is DENIED. Plaintiff's Cross Motion for Summary Judgment is DENIED.

The Clerk is directed to enter judgment in favor of Defendant and close this case.

SO ORDERED.