**EMERY AIR FREIGHT CORPORATION, d/b/a Emery Worldwide, Plaintiff–Counter–Defendant–Appellant,**

v.

**LOCAL 851, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, AFL–CIO, Defendant–Counter–Claimant–Appellee.**

**No. 02–9231.**

United States Court of Appeals, Second Circuit.

July 24, 2003.

Richard J. Antonelli; Theodore A. Schroeder, on the brief, Littler Mendelson, P.C., Pittsburgh, PA, for Plaintiff–Counter–Defendant–Appellant.

George A. Kirschenbaum, Vladeck, Waldman, Elias & Engelhard, P.C., New York, NY, for Defendant–Counter–Claimant–Appellee.

Present: CALABRESI, RAGGI, and WESLEY, Circuit Judges.

**SUMMARY ORDER**

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,**

**AND DECREED** that the judgment of the District Court be and it hereby is **AFFIRMED.**

Emery Air Freight Corporation brought an action in federal district court seeking to vacate an arbitration award issued pursuant to the collective bargaining agreement between Emery and Local 851, International Brotherhood of Teamsters. The award required the reinstatement, without back pay, of three employees who had been terminated for refusing to follow a work order.

Section 22 of the collective bargaining agreement between Emery and Local 851 provided that "[t]he Arbitrator shall recognize as just cause for discharge" various specifically defined conduct. One such ground for just cause was "[p]roven insubordination." The same Section of the agreement also contained the following clause: "The Arbitrator may make such decision or award or disposition of the matter as to them seems just and which in addition to awarding any sum of money or damages or other relief may contain provisions commencing or restraining acts of conduct." After the union grieved the discharge of the three employees, the parties stipulated that the arbitrator would resolve the following issue: "Did the Company have just cause to discharge the Grievants ...? If not, what shall be the remedy?"

The arbitrator found that while the employee's conduct did "constitute[ ] an act of insubordination," the "unique circumstances" of the case warranted a lesser penalty than discharge. The arbitrator justified his departure from the CBA provision designating insubordination as just cause for discharge by referring to the subsequent clause allowing him to issue an award which "seems just." After carefully analyzing the relevant precedents, the district court upheld the award. *See Emery*

*Air Freight Corp. v. Local 851,* 214 F.Supp.2d 295 (E.D.N.Y.2002).

We have no more to add, and so, for substantially the reasons stated by the district court, we AFFIRM.