**LOCAL 338, RWDSU, Plaintiff–Appellee,**

v.

**FARMLAND DAIRIES, INC., Defendant–Appellant.**

No. 03–7384.

United States Court of Appeals, Second Circuit.

Dec. 3, 2003.

Jedd Mendelson, Grotta, Glassman & Hoffman, P.A., New York, NY, for Appellant.

Eugene S. Friedman, Friedman & Wolf, New York, N.Y. (William Anspach, Abigail R. Levy, on the brief), for Appellee.

PRESENT: JACOBS, STRAUB, and B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Defendant–Appellant Farmland Dairies, LLC ("Farmland") appeals from an order dated March 14, 2003 of the United States District Court for the Southern District of New York (Laura Taylor Swain, *Judge*) confirming an arbitration award and granting summary judgment to Plaintiff–Appellee Local 338. *See Local 338, RWDSU v. Farmland Dairies,* No. 02 Civ. 2705, 2003 WL 1213422 (S.D.N.Y. Mar.14, 2003). Familiarity is assumed as to the facts, the procedural context, and the specification of appellate issues.

Under the Federal Arbitration Act, a district court may vacate an arbitration award only under very limited circumstances. Among them, the district court may vacate an award where the arbitrator "so imperfectly executed" his power such "that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a)(4). To effectuate federal policy favoring arbitration, this section "is to be accorded the 'narrowest of readings'." *Blue Tee Corp. v. Koehring Co.,* 999 F.2d 633, 636 (2d Cir.1993) (quot-

ing *Andros Compania Maritima, S.A. v. Marc Rich & Co.*, 579 F.2d 691, 703 (2d Cir.1978)); *see also Ottley v. Schwartzberg*, 819 F.2d 373, 376 (2d Cir.1987) ("[T]he showing required to avoid summary confirmance is high.").

In this case, Farmland has not shown the requisite lack of finality, indefiniteness, or other ambiguity required to vacate the award. The parties stipulated a narrow question for resolution at arbitration, and, by all appearances, that question was resolved. We, therefore, follow the "general rule [that] once an arbitration panel decides the submitted issues, it becomes *functus officio* and lacks any further power to act." *Ottley*, 819 F.2d at 376 (internal quotation marks omitted).

Farmland's arguments concerning impossibility of performance are similarly unavailing. Farmland cites no relevant authority to indicate that the District Court improperly modified the arbitrator's award by finding that Farmland had no valid impossibility defense. Farmland had the opportunity to argue impossibility of performing its contract at arbitration and to the extent that it now argues that it is impossible to comply with the arbitration award, that argument was appropriately resolved by the District Court.

Furthermore, we agree with the District Court that summary judgment was appropriate, as there were no triable issues of material fact and Local 338 was entitled to judgment as a matter of law. *See Slattery v. Swiss Reinsurance Am. Corp.*, 248 F.3d 87, 91 (2d Cir.2001). Farmland's arguments are in part premised on the assumption or fear that the District Court's ultimate order mandating compliance will be ruinous to its business—an issue that can be addressed on a further appeal, asserting abuse of discretion, from any judgment of contempt.

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.