813 F.2d 562
 106 Lab.Cas. P 12,253
 THOMAS C. BAER, INC., Appellant,
v.
ARCHITECTURAL AND ORNAMENTAL IRON WORKERS LOCAL UNION NO.
580 OF the INTERNATIONAL ASSOCIATION OF BRIDGE
STRUCTURAL AND ORNAMENTAL IRON WORKERS, Appellee.
 No. 704, Docket 86-7858.
 United States Court of Appeals,
Second Circuit.
 Argued Jan. 28, 1987.
Decided March 6, 1987.
 
 Richard A. Joel, White Plains, N.Y., for appellant.
 Edward J. Groarke, Mineola, N.Y. (Colleran, O'Hara & Mills, P.C., Leonard M. Ridini, Jr., of counsel), for appellee.
 Before OAKES, MESKILL and MAHONEY, Circuit Judges.
 OAKES, Circuit Judge:
 
 
 1
 This is an appeal from an order of the United States District Court for the Southern District of New York, Charles L. Brieant, Jr., Chief Judge, confirming an arbitration award that required a company to produce books and records for a union's audit regarding company contributions to various employee benefit funds. Following the principles of United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 597-98, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1960), and the United States Arbitration Act, 9 U.S.C. Sec. 10 (1982), the district court determined there was not "any basis" for vacating the arbitrator's award. We agree and affirm.
 
 
 2
 The facts may be briefly stated as follows. On September 22, 1982, Thomas C. Baer, Inc. ("Baer"), and Architectural and Ornamental Iron Workers Local Union No. 580 ("Local 580" or the "Union") entered into a trust agreement. Pursuant to this agreement, Baer agreed to contribute to several employee benefit and welfare funds (the "Funds") and to be bound by the collective bargaining agreement between Local 580 and Allied Metal Industries, Inc., an employer association. The trust agreement also required that Baer make available "any and all of its records ... to determine the correct amounts due to the respective Funds." Disputes "arising under" the trust agreement were agreed to be resolved under the grievance and arbitration procedures of the collective bargaining agreement, which provides that such disputes "shall be submitted to Hon. Walter L. Eisenberg, as the Impartial Arbitrator."
 
 
 3
 In June 1984 auditors for Local 580 undertook to perform an audit of Baer's records. Baer refused to turn over books and records not directly concerning Local 580 employees, and Local 580 duly demanded arbitration. In October 1984 Baer brought an action to stay the scheduled arbitration in the United States District Court for the Southern District of New York, Lee P. Gagliardi, Judge, claiming the dispute was not arbitrable. Judge Gagliardi held that the "broad arbitration clause" of the collective bargaining agreement "plainly" included the present dispute, and refused to enjoin arbitration. Arbitration was had before arbitrator Eisenberg, and in a decision on April 20, 1985, he held that Baer was required by the collective bargaining agreement and the trust agreement to provide " 'any and all records' of [Baer] requested by the auditors."
 
 
 4
 Returning to federal court, this time before Judge Brieant, Local 580 moved to confirm and enforce the arbitration award and Baer moved to vacate the award. On these motions, which we label Baer I, the court held that it was not "the intention of the arbitrator, or of the contract clause," to require production of records "not reasonably necessary to an audit of the benefits due." The court "interpret[ed] the requirement as extending only to an examination of all payroll records, as well as vouchers for casual labor and those providing work arguably within the jurisdiction of the Union, whether by contract or otherwise," and then noted "that specific demands for additional matters, if resisted, would be subject to decision in the first instance by the Impartial Arbitrator." Judge Brieant confirmed the arbitration award, "[a]s so construed or modified."
 
 
 5
 The Union then requested eight specific books and records, including payroll journals for all employees, cash disbursements journals, and the general ledger, but were again refused access to most of these materials by Baer. Once more arbitration was had before arbitrator Eisenberg. Baer argued, inter alia, that the records requested by the Union were virtually the very records denied by the court in Baer I and therefore could not be considered anew by the arbitrator, and that records of non-Local 580 employees were not reasonable and necessary for the Union's audit. The arbitrator determined that Baer I not only did not foreclose, but clearly anticipated, the submission to arbitration of any dispute over a request for additional books and records. He went on to hold that the requested books and records were "reasonable and necessary" for an audit under the agreements and directed the auditor and the Union "to keep confidential any information from [Baer's] records about work which is not covered by the Union's jurisdiction and by the Agreement." The rationale for providing the auditors with records concerning non-Local 580 employees was that Baer, which under the collective bargaining agreement agreed to employ only Local 580 employees for iron worker duties, is required to make contribution to the Funds for all work within Local 580's jurisdiction, even if performed by non-Local 580 employees.
 
 
 6
 Baer then began the present action ("Baer II ") before Judge Brieant seeking to enjoin enforcement of the arbitration award. Local 580 cross-moved for summary judgment confirming and enforcing the award. The district court granted summary judgment and confirmed the arbitration award, stating that there was no basis to vacate or modify the award as it "compl[ied] with what the prior decision of [the court] contemplated." On appeal Baer argues that the first decision by Judge Brieant is res judicata as to this action, that the arbitrator has exhibited a pro-union bias and thus his award should be vacated under 9 U.S.C. Sec. 10(b) (1982), and that the dispute is not subject to arbitration.
 
 DISCUSSION
 
 7
 Appellant first argues that Judge Brieant's initial confirmation of the arbitrator's award "as interpreted or modified" in Baer I was res judicata as to the second proceeding before Judge Brieant, Baer II, because the same issues and parties were involved. Baer claims the records requested in the second proceeding were substantially the same materials that were the subject of Baer I and thus the issue whether they should properly be provided was already determined. This argument has no merit, however, as appellant misstates both the holding of Baer I and the issue involved.
 
 
 8
 The question in Baer I was whether an arbitration award requiring the production of "any and all" of Baer's books and records for audit should be confirmed and enforced. The question in Baer II was whether to confirm an award that determined that eight items were "reasonable and necessary" for an audit. Although the subject records were similar in both cases, the arbitrator's awards were entirely different as were the issues before the reviewing court.
 
 
 9
 Moreover, Baer I did not hold, as Baer maintains, that only a restricted list of materials need ever be provided, that is, all payroll records, vouchers for casual labor, and vouchers providing for work arguably within the Union's jurisdiction. The court expressly held that "specific demands for additional matters ... would be subject to decision in the first instance by the [arbitrator]," who would decide whether the requested records were "reasonably necessary" for the audit. As anticipated by the court, such a determination was made as to the eight items later requested by Local 580, and Judge Brieant, interpreting his own earlier decision in Baer I, found no grounds for upsetting that award in Baer II.
 
 
 10
 In regard to Baer's claim that the arbitrator's decision should be vacated because the arbitrator exhibited a pro-union bias, not only was this allegation never made to the district court, but the only support mustered for it is the fact that the arbitrator found against Baer. An arbitration award may of course be vacated when the arbitrator is guilty of "evident partiality," 9 U.S.C. Sec. 10(b), but the fact that the arbitrator found in favor of the Union clearly does not satisfy Baer's burden of showing partiality. See Bell Aerospace Co. Division of Textron, Inc. v. Local 516, International Union, UAW, 500 F.2d 921, 923 (2d Cir.1974). There is absolutely no evidence that the arbitrator acted out of any improper motives or was predisposed to favor either party. Moreover, appellant's claim that the arbitrator's decision ignored the instructions of Baer I is belied by the above discussion showing that the decision conformed with and was anticipated by Baer I, and Judge Brieant himself told the parties that the decision so conformed.
 
 
 11
 Finally, Baer claims that it never agreed to arbitrate this matter. This claim was rejected by Judge Gagliardi's opinion of December 14, 1984, and is totally without merit. The trust agreement, signed by an agent of Baer, requires Baer to make available "any and all records" for Union auditors, and further states that Baer agrees to be bound by the collective bargaining agreement. The trust agreement also provides that "[r]esolution of grievances arising under the [trust agreement] shall be resolved under the grievance and arbitration procedures as provided in the Collective Bargaining Agreement." Under the collective bargaining agreement, disputes "in connection with" the auditing provisions are to be resolved through arbitration before Mr. Eisenberg. Given the clear language requiring arbitration of both the trust agreement and the collective bargaining agreement, and the strong presumption favoring arbitrability, see United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582-83, 80 S.Ct. 1347, 1352-53, 4 L.Ed.2d 1409 (1960), it is astounding that Baer now makes the argument that the dispute is not arbitrable.
 
 
 12
 Appellee Local 580 requests that it be awarded double costs and attorney's fees pursuant to our powers under Fed.R.App.P. 38 and 28 U.S.C. Sec. 1927 (1982). We agree that sanctions are warranted as this appeal is entirely frivolous. Whatever misconceptions Baer may have harbored over the meaning of Baer I were surely cleared up by Judge Brieant in Baer II. We can only conclude that this appeal was brought merely to delay the inevitable and to harass the Union. Accordingly, appellee is awarded double costs pursuant to Fed.R.App.P. 38.
 
 
 13
 Judgment affirmed; double costs.