**In the Matter of the Application of DWORKIN–COSELL INTERAIR COURIER SERVICES, INC., Moshe Dworkin, and Shigur Express, Ltd., Petitioners,**

**v.**

**For an Order Staying Arbitration Commenced by Daniel AVRAHAM, Respondent.**

**No. 88 Civ. 469(LLS).**

United States District Court, S.D. New York.

Sept. 1, 1989.

Bertrand C. Sellier, Stein, Zauderer, Ellenhorn, Frischer & Sharp, New York City, for petitioners.

Mark C. Rushfield, Guazzo, Perelson, Rushfield & Guazzo, New York City, for respondent.

## OPINION AND ORDER

STANTON, District Judge.

Respondent Daniel Avraham seeks confirmation, pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1–15, and the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. §§ 201–08, of an arbitration award rendered by a three-member American Arbitration Association panel on April 5, 1989 in New York, New York (the "Award"). Avraham also seeks both pre- and post-judgment interest on the Award, and attorneys' fees. Petitioners object on the grounds that this court lacks subject matter jurisdiction, and that the Award is not final and definite.

## BACKGROUND

Avraham is a citizen of Israel. Petitioners are: 1) Dworkin–Cosell Interair Courier Services, Inc. ("Dworkin–Cosell"), a New York corporation; 2) Shigur Express, Ltd. ("Shigur"), an Israeli corporation, with its principal place of business in Tel Aviv, Israel; and 3) Moshe Dworkin ("Dworkin"), a United States citizen residing in New Jersey, who is the President and Chief Executive Officer of Dworkin–Cosell (collectively "petitioners").

The parties' dispute concerns two agreements signed on February 6, 1987 (the "Agreements"). The Employment Agreement provides for Avraham to become Vice President and a director of Dworkin–Cosell. The Stock Purchase and Shareholders Agreement provides for a sale to Shigur of fifty percent of the outstanding shares of Dworkin–Cosell. As consideration, Shigur was to pay $75,000, plus an additional $25,000 if Dworkin–Cosell's pre-tax profits for a two-year period exceeded $320,000.

At the time of the sale, Dworkin was the record owner of all Dworkin–Cosell's shares, but under an earlier agreement between Dworkin and Avraham, each was the beneficial owner of fifty percent of the

shares. Shigur's payments under the Stock Purchase and Shareholders Agreement were to be divided, in a manner not specified within the agreement, between Dworkin and Avraham.

Avraham's employment, both as Vice President and director of Dworkin–Cosell, was terminated on November 1, 1987. The parties disagree over the reasons for the termination.

On December 9, 1987 Avraham served a Demand for Arbitration on petitioners, alleging that they had breached the Agreements by 1) firing him, 2) failing to pay salary, incentive bonuses and profits due him under the Agreements, 3) compelling him to resign from El Al Airlines, and 4) "looting" Dworkin–Cosell by improper business transactions. Avraham demanded that he or his designee be recognized as a director, that all actions taken by Dworkin–Cosell's board in the interim be vacated, that petitioners be enjoined from looting Dworkin–Cosell, and nearly $1.5 million in damages. Both Agreements contain nearly identical arbitration clauses, which state that "any dispute or controversy arising out of or in connection with this Agreement or any alleged breach hereof, shall be settled by arbitration ..."

In response, on December 30, 1987 petitioners filed suit in the Supreme Court of the State of New York, seeking a stay of arbitration. After Avraham removed petitioners' suit to this court on January 22, 1988, petitioners moved by Order to Show Cause for remand and a stay of arbitration. Their application was denied on February 2, 1988, and the parties were ordered to arbitration.

The three arbitrators heard eleven days of testimony from July to October 1988, and rendered their Award on April 5, 1989, with the arbitrator selected by petitioners dissenting. Among the Award's other provisions, Avraham receives $270,000 and the costs, fees and expenses associated with the arbitration. The Award directs that "Payment of these monies shall be the joint and several obligation" of Dworkin–Cosell and Shigur. Article 2 of the Award provides that 1) Avraham is "entitled to desig-

nate a director to sit on the Board of Directors of [Dworkin–Cosell] for a period of six months from the date of this Award", and 2) the parties shall "negotiate in good faith a sale of the shares of any party" within six months of the Award. The Award concludes:

All other claims and counterclaims are denied in their entirety. Except for the provision of Article 2 above, this Award is in full settlement of all claims and counterclaims submitted in arbitration.

## DISCUSSION

### 1. Subject Matter Jurisdiction

█ Avraham recognizes that unless the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention") provides this court with jurisdiction, this court cannot confirm the Award. There is no diversity between the parties, and the Federal Arbitration Act does not provide an independent basis for subject matter jurisdiction.

The Convention is incorporated into United States law at 9 U.S.C. §§ 201–08. Article I(1) of the Convention states that it shall "apply to arbitral awards not considered as domestic awards in the State where their recognition and enforcement are sought." In keeping with Article I(1), 9 U.S.C. §§ 202, 203 vests United States' district courts with original jurisdiction, regardless of the amount in controversy, over actions concerning "[a]n arbitration agreement or arbitral award arising out of a legal relationship ... which is considered as commercial ..." However, if the agreement or award arises out of a relationship "which is entirely between citizens of the United States," it does not come under the Convention unless it involves property abroad, "envisages performance or enforcement abroad, or has some reasonable relation with one or more foreign states." 9 U.S.C. § 202.

Petitioners contend that the Award does not come under the Convention because it is a "domestic award."

*Bergesen v. Joseph Muller Corp.*, 710 F.2d 928 (2d Cir.1983) sets forth this circuit's definition of a nondomestic award:

> The Convention did not define nondomestic awards. The definition appears to have been left out deliberately in order to cover as wide a variety of eligible awards as possible, while permitting the enforcing authority to supply its own definition of 'nondomestic' in conformity with its own national law.... We adopt the view that awards 'not considered as domestic' denotes awards which are subject to the Convention not because made abroad, but because made within the legal framework of another country, e.g., pronounced in accordance with foreign law or *involving parties domiciled or having their principal place of business outside the enforcing jurisdiction.*

*Id.* at 932 (emphasis added).

Petitioners contend that "It is inconceivable that Congress intended for the mere presence of a foreign shareholder in ... an employment dispute and a shareholders dispute concerning a New York corporation under New York law, to be sufficient in and of itself to bring such a dispute within the ambit of the convention." (Petitioners' Memorandum, p. 7) (footnote omitted) Here, the Employment Agreement is between a United States corporation and an Israeli citizen for services to be performed in Israel. The Stock Purchase and Shareholders Agreement, between Israeli citizens (Shigur and Avraham) and American citizens (Dworkin–Cosell and Dworkin), concerns a sale of a New York corporation's stock to an Israeli corporation.

Congress's intent for "the broadest possible implementation of the Convention," *Builders Federal (Hong Kong) Ltd. v. Turner Construction*, 655 F.Supp. 1400, 1404 (S.D.N.Y.1987); *accord American Construction Machinery & Equipment Corp., Ltd. v. Mechanised Construction of Pakistan Ltd.*, 659 F.Supp. 426, 428 (S.D. N.Y.) ("there is a 'general pro-enforcement bias' manifested in the Convention.") (quoting *Parsons & Whittemore Overseas Co., Inc. v. Societe Generale de L'Industrie du Papier*, 508 F.2d 969, 973 (2d Cir.1974)), *aff'd*, 828 F.2d 117 (2d Cir.1987), *cert. denied sub nom. Mechanised Construction of Pakistan Ltd. v. American Construction Machinery & Equipment Corp., Ltd.*, 484 U.S. 1064, 108 S.Ct. 1024, 98 L.Ed.2d 988 (1988), coupled with the factors listed by Avraham in his removal petition, support the conclusion that the Award is not a domestic one:

> [T]he Stock Purchase and Shareholders Agreement ... relates directly to a sale of the stock of a New York corporation by a United States citizen and an Israel citizen to an Israeli company (Shigur) and ... places obligations on the parties concerning engaging in business in air freight and sea freight between the United States and Israel or ... otherwise engaging in business in New York and Israel ...; [provides] for the Buyer (Shigur) to receive approval of an Israeli company (Clal, Ltd) with respect to the Shareholders Agreement "and transactions contemplated thereby" ...; [and] for the right of the first refusal of transfer of shares to be inapplicable to transfers to any entity of which "Clal (Israel) Ltd." is a major shareholder.... The Employment Agreement ... is ... between a New York corporation ... and ... a resident and citizen of Israel, providing for [Avraham's] principal place of work being "the Company's principal office in Israel."

Accordingly, petitioners' challenge to this court's jurisdiction is overruled.

#### 2. Final and Definite Award

As a general rule, "[t]he power to review an arbitration is limited under the Convention and the burden of proving that an award should be overturned is on the party challenging the enforcement and recognition of the award." *La Societe Nationale v. Shaheen Natural Resources Co., Inc.*, 585 F.Supp. 57, 61 (S.D.N.Y.1983) (citations omitted), *aff'd*, 733 F.2d 260 (2d Cir.), *cert. denied sub nom. Shaheen Natural Resources Co., Inc. v. La Societe Nationale*, 469 U.S. 883, 105 S.Ct. 251, 83 L.Ed.2d 188 (1984).

Petitioners contend that the Award is non-final and ambiguous, and thus should not be confirmed. Underlying this conten-

tion is a series of letters exchanged between counsel.

On May 12, 1989 Avraham's counsel responded to Dworkin's counsel's statement that Dworkin–Cosell alone would pay Avraham the monies due him under the Award:

Should Dworkin–Cosell relieve Shigur of its obligation to pay the Award and instead itself make payment or should Dworkin–Cosell otherwise act to relieve Shigur of this responsibility, my client will commence appropriate legal action against Shigur and its designated Dworkin–Cosell directors as well as against your client personally (as a shareholder and director) for the breach of their duties of good faith and fair dealing. (May 12, 1989 Letter from Mark C. Rushfield, Esq. to Bertrand Sellier, Esq.)

In a letter dated May 16, 1989, Avraham's counsel set out a proposal for the sale price of Avraham's shares to Dworkin, consisting of a lump sum payment plus payments pertaining to the "original takeover of Dworkin–Cosell by Avraham & Dworkin" and the subsequent sale of stock to Shigur, the remainder of Avraham's incentive salary for 1986–87, and Avraham's share of the profits of Dworkin–Cosell through the present. (May 16, 1989 Letter from Mark C. Rushfield, Esq. to Bertrand Sellier, Esq.) Dworkin's counsel responded that his client would not entertain Avraham's proposal since it consists of claims which "are the explicit subject of the arbitration dated April 5, 1989." (May 16, 1989 Letter from Bertrand C. Sellier, Esq. to Mark C. Rushfield, Esq.)

Next, Avraham's lawyer in Israel wrote that Mr. Avraham had an "absolute right as a shareholder to receive" Dworkin–Cosell dividends, and demanded immediate payment of

(a) The remainder of Mr. Avraham's incentive salary for 1986–87, in the amount of approximately $48,000.

(b) The remainder of Mr. Avraham's incentive salary for the additional period up to December 31, 1987, in the amount of approximately $15,000.

(c) Mr. Avraham's share of the profits of Dworkin–Cosell for the period to July 1987, in the amount of $25,000.

(d) Mr. Avraham's share of the profits of Dworkin–Cosell for the additional period up to December 31 1987, in the amount of approximately $25,000. (May 18, 1989 Letter from Gabi Hake, Advocate to Dworkin–Cosell)

This lawyer wrote Dworkin–Cosell again on May 23, 1989, stating that Mark Rushfield, Esq. had been designated by Avraham, pursuant to the Award, to be a director of Dworkin–Cosell through October 4, 1989.

In response, petitioners filed a complaint against Avraham, *Dworkin/Cosell Interair Courier Services, Inc., et al. v. Avraham*, 89 Civ. 3924 (LLS) (the "related case") on June 2, 1989, seeking a declaratory judgment that 1) Dworkin–Cosell may satisfy the Award without it or its shareholders, directors and officers incurring any liability, 2) Avraham's recent demands for salary and profits are barred by the Award, and 3) Mr. Rushfield may not serve as a director because of a potential conflict of interest. Petitioners also seek to enjoin Avraham from enforcing the Award pending the determination of their declaratory judgment application.

Although Avraham disagrees with the assertion that the Award covers his monetary demands, he suggested that the parties "file a joint request for clarification by the Arbitrators as to what issues the Award disposed of (or did not dispose of)." (May 17, 1989 Letter from Mark C. Rushfield, Esq. to Bertrand C. Sellier, Esq.) Mr. Rushfield repeated this suggestion in letters dated May 22 and May 25, 1989 to Dworkin's counsel.

In a June 12, 1989 letter to the court, Dworkin's counsel wrote:

[I]f Mr. Rushfield is correct, the need for clarification of the award precludes its confirmation. On the other hand, if—as we believe to be the case—the award bars the claims which Mr. Rushfield's client has threatened to assert in new litigation against the petitioners the minute this award is confirmed, then if the award is confirmed, it should only be in the context of a decision by Your Honor explicitly barring the further litigation threatened by Mr. Rushfield's client. If

the Court concludes that the record does not allow for such a determination, the decision of the motion to confirm should be deferred pending the determination of the declaratory judgment action now before the Court. (June 12, 1989 Letter from Eric M. Schmidt)

■ Before deciding whether the Award is non-final and ambiguous, this court must first determine whether such a defense obtains in the context of a foreign arbitral award. Avraham contends that notwithstanding the Federal Arbitration Act's defense that an award is not "mutual, final and definite," 9 U.S.C. § 10,[1] petitioners are limited to the defenses enumerated in Article V of the Convention.

Courts faced with the issue suggest that, as a general rule, a party seeking to vacate a foreign arbitral award may only raise the defenses enumerated in Article V of the Convention. *See Parsons & Whittemore Overseas Co., Inc. v. Societe Generale de L'Industrie du Papier,* 508 F.2d 969, 973 (2d Cir.1974) ("[b]oth the legislative history of Article V ... and the statute enacted to implement the United States' accession to the Convention [9 U.S.C. § 207] are strong authority for treating as exclusive the bases set forth in the Convention for vacating an award."); *Geotech Lizenz AG v. Evergreen Systems, Inc.,* 697 F.Supp. 1248, 1252 (E.D.N.Y.1988) ("a party resisting enforcement must show that one of the circumstances set forth in Article V of the Convention exists"); *Brandeis Instel Ltd. v. Calabrian Chemicals Corp.,* 656 F.Supp. 160, 163 (S.D.N.Y.1987) (" 'Foreign awards are vulnerable to attack only on the grounds expressed in other articles of the Convention, particularly Article V' ") (quoting *Fotochrome, Inc. v. Copal Company, Ltd.,* 517 F.2d 512, 518 (2d Cir.1975)). *See also* 9 U.S.C. § 207.[2]

However, these cases did not examine a challenge to the award's finality or lack of ambiguity. The court's statement in *Geotech Lizenz* amounts only to *dicta,* for the challenger there raised only Article V defenses. In *Brandeis Instel,* the court considered, and rejected, the argument that one of Article V's defenses could be construed to include a defense that the award was in "manifest disregard of the law" (a defense implied under the Federal Arbitration Act). Finally, *Parsons* declined to decide "whether [the manifest disregard of the law defense] ... obtains in the international arbitration context" because the defense failed on the merits. *Id.* at 977.

Those few courts that have discussed finality support a finding that finality is required where, as is the case here, the law of the country in which the arbitration is conducted requires finality. *See, e.g., Ipitrade Int'l, S.A. v. Federal Republic of Nigeria,* 465 F.Supp. 824 (D.D.C.1978) (finding award final under Swiss law).[3] *Fertilizer Corp. of India v. IDI Management, Inc.,* 517 F.Supp. 948, 955–57 (S.D. Ohio 1981), found that Article V, section 1(e) requires a determination that the award is final and binding, according to the law of the country where the award was rendered. Section 1(e) permits a court to refuse to recognize and enforce an award when

> The award has not yet become binding on the parties, or has been set aside or suspended by a competent authority of the country in which, or under the law of which, that award was made.

■ Under the circumstances, the Award should be sent back to the arbitrators for clarification. Avraham seeks confirmation under both the Convention and the Federal Arbitration Act, and it is well

---

**1.** This provision permits a district court to vacate an award "[w]here the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made."

**2.** 9 U.S.C. § 207 provides that "[t]he court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention."

**3.** A case from this circuit, *Amoco Overseas Oil Co. v. Astir Navigation Co., Ltd.,* 490 F.Supp. 32, 37 (S.D.N.Y.1979), states that a court may vacate an award if it "fails to dispose completely of a matter at issue between the parties." However, the court reasoned that since 9 U.S.C. § 10 and Article V have "substantially equivalent standards" it need not decide whether the action was governed by the Convention, the Federal Arbitration Act, or both.

established under the latter that "[c]ourts will not enforce an award that is incomplete, ambiguous or contradictory," *Sea Dragon, Inc. v. Gebr. Van Weelde Scheepvaartkantoor B.V.*, 574 F.Supp. 367, 371 (S.D.N.Y.1983) (finding remand "fruitless" where issue presented to arbitrators who either rejected it or declined to pass judgment on it). *See also Bell Aerospace Co. v. Local 516*, 500 F.2d 921 (2d Cir.1974) (remanding award because contradictory on its face); *Zephyros Maritime Agencies v. Mexicana De Cobre, S.A.*, 662 F.Supp. 892, 895 (S.D.N.Y.1987) (court may remand where parties dispute meaning of award, but may not go beyond award "to decide questions that the panel did not decide"). The purpose of this requirement is to resolve all issues submitted to arbitration, and determine each issue fully so that no further litigation is necessary to finalize the obligations of the parties under the award. *Puerto Rico Maritime Shipping Authority v. Star Lines, Ltd.*, 454 F.Supp. 368, 372 (S.D.N.Y.1978).

It is unclear whether, and to what extent, the Award disposes of the parties' disputes. For that reason, Avraham consents to a clarification of the Award by the arbitrators, and petitioners argue that the Award is not final and contains ambiguities. The Award's own concluding paragraph disclaims that it is "in full settlement of all claims and counterclaims submitted in this arbitration" with respect to the topics of Avraham's appointment of a board member and the good faith negotiations of any party's sale of Dworkin–Cosell shares.

Accordingly, the Award is remanded to the arbitration panel to clarify the foregoing matters in such manner and upon such submissions as they deem proper.

3. Interest and Attorneys' Fees

Avraham seeks $4600 in attorneys' fees (his counsel's fee for seeking confirmation of the Award), arguing that fees are generally awarded where the party opposing enforcement of or failing to comply with the award acted without justification or a reasonable chance of prevailing. In light of this court's ruling that the Award is remanded to the arbitrators for clarification, this application is denied. Decision on Av-

raham's application for pre- and post-judgment interest is stayed pending clarification.

CONCLUSION

Avraham's application to confirm the arbitration award and his application for attorneys' fees are denied. The Award rendered *In the matter of arbitration between Daniel Avraham v. Dworkin–Cosell Interair Courier Services, Inc., Moshe Dworkin, and Shigur Express, Ltd.*, No. 13–116–1491–87 (Apr. 5, 1989) is remanded to the arbitrators for clarification of the issues discussed in this opinion.