**GERLING GLOBAL REINSURANCE CORPORATION, U.S. Branch Plaintiff,**

v.

**SOMPO JAPAN INSURANCE COMPANY, as a successor of Yasuda Fire & Marine Insurance Co. Ltd. Defendant.**

No. 04 Civ. 3060(SHS).

United States District Court, S.D. New York.

Nov. 10, 2004.

Edward K. Lenci, Wilker & Lenci, LLP, New York, NY, for plaintiff.

Alan J. Sorkowitz, Cadwalader, Wickersham & Taft Llp, New York, NY, Richard Martin Appel, Sr., Cadwalader, Wickersham & Taft LLP, New York, NY, for Defendant.

### OPINION & ORDER

STEIN, District Judge.

Plaintiff Gerling Global Reinsurance Corporation, U.S. Branch, seeks a declaratory judgment that Sompo Japan Insurance Company is obligated to post a letter of credit in the amount of $7.5 million. Defendant Sompo has now moved to dismiss the complaint on two grounds: lack of subject matter jurisdiction pursuant to Fed. R. Civ. P 12(b)(1) and failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). Gerling has cross moved pursuant to New York Insurance Law § 1213(c) to require Sompo to post a bond in the amount of $7.5 million. As explained below, this Court grants Sompo's motion to dismiss for lack of subject matter jurisdiction because the suit solely concerns the effect of a prior judicial decision and not the underlying arbitral award.

## I. Background

The Complaint and the documents annexed to it allege the following facts: Gerling is the U.S. branch of a German reinsurance company. (Compl.¶ 2). Sompo is a Japanese corporation whose predecessor, Yasuda Fire & Marine Insurance Co. Ltd., issued reinsurance to Gerling in what is known as a retrocessionnaire agreement. *See In re Gerling Global Reins. Corp. v. Yasuda Fire & Marine Ins. Co.,* 1999 WL 553767, n. 2, 1999 U.S. Dist. Lexis 11480, n. 2 (S.D.N.Y.1999). A retrocessionnaire agreement exists between two reinsurance companies. Through such an agreement, one reinsurance company agrees to indemnify a second reinsurance company for potential losses under reinsurance policies issued by that second reinsurance company.

A dispute arose over Yasuda's obligations to Gerling under that retrocessionnaire agreement and in 1998 the parties submitted that dispute to a New York arbitration panel. (Unanimous Decision–Final Award ("Award"), Compl. Ex. B). In a three-page "Unanimous Decision–Final Award," the panel ordered Yasuda to pay a sum of money to Gerling and to post letters of credit for amounts that Gerling was to calculate based on its own exposure to its own outstanding but unpaid claims. (*Id.*). The panel also ruled that Gerling bore the burden of showing that any liability it claimed Yasuda had to secure in its letter of credit was "reasonable." (*Id.* at ¶ 4).

Gerling then filed a petition to confirm the arbitral award in the Southern District of New York, but Yasuda moved to remand the award on the grounds that it was vague and ambiguous. In July of 1999, Judge Loretta Preska confirmed the award, writing that Gerling had met its burden of showing the "reasonableness" of its claimed liability by supporting its calculations with a schedule—Schedule F of its Annual Statement—prepared with the aid of Deloitte & Touche. Gerling also submitted a declaration of Lawrence M. Lutzak, Gerling's assistant vice president of claims, explaining the calculation method used to arrive at the figures shown in the schedule. *tIn re Gerling Global Reins. Corp.,* 1999 WL 553767, **5–6, 1999 U.S. Dist. LEXIS 11480 at *15–17.

Approximately five years later—in March of 2004—Gerling wrote to Sompo, Yasuda's successor, and requested that Sompo post new letters of credit based upon Gerling's newly calculated liability. (Letter of Edward K. Lenci of March 19, 2004, Compl. Ex. E). Gerling attached its new Schedule F as "information substantiating these amounts" and referred to Judge Preska's decision. (*Id.*). Sompo promptly responded and declined to issue the new letters of credit, contesting not only its obligation to do so, but also the amount of Gerling's actual liability and the notion that Judge Preska had crafted a running protocol for determining the amount of Sompo's future obligations. (Letter of Neal R. Novak of March 24, 2004, Compl. Ex. F). Sompo also contested the notion that Judge Preska had held that the Schedule F figures alone would suffice to show "reasonableness" in the future. (*Id.* at 2).

Rebuffed, Gerling filed this suit seeking a declaration that "in accordance with [the] Court's decision in *Gerling Global v. Yasuda,* 1999 WL 553767, **5–6, 1999 U.S. Dist. Lexis 11480, at *15–17, Sompo is required forthwith to post a letter of credit in favor of Gerling in the amount of $7,532,088." (Compl.¶ 17). Gerling also seeks a declaration that "in accordance with [the] Court's decision in *Gerling Global v. Yasuda,* 1999 WL 553767, **5–6, 1999 U.S. Dist. Lexis 11480, at *15–17, Sompo is required in coming years to post a letter of

credit in favor of Gerling in an amount equal to" the excess liability "as set forth in the Schedule Fs of subsequent annual statements of Gerling." (Compl.¶ 20).

As noted above, Sompo then moved to dismiss the complaint on the grounds that this Court lacked subject matter jurisdiction and that Gerling had failed to state a claim. In response, Gerling cross moved to require Sompo to post a bond in the amount of $7.5 million. The Court now turns to the merits of those motions, first addressing the issue of subject matter jurisdiction.

## II. *Discussion*

■ Gerling must show by a preponderance of the evidence that subject matter jurisdiction exists. *APWU, AFL–CIO v. Potter*, 343 F.3d 619 (2d Cir.2003). It seeks relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201. It is "settled law" that the Act does not contain a grant of subject matter jurisdiction to federal courts but rather requires that an independent ground for jurisdiction exists before a court may consider whether to grant declaratory relief. *Concerned Citizens of Cohocton Valley, Inc. v. New York State Dep't of Env. Cons.*, 127 F.3d 201, 206 (2d Cir.1997).

Gerling contends that the required grant of jurisdiction is found in section 203 of the enabling legislation of the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"), 9 U.S.C. § 203. (Compl.¶ 4).[1] Section 203 provides federal subject matter jurisdiction for an "action or proceeding falling under the Convention...." Section 202 provides that foreign arbitral awards fall under the Convention. 9 U.S.C. § 202. Gerling urges that the arbitral award here is "foreign" within the meaning of section 202 because it is an award "involving parties ... having their principal place of business outside the enforcing jurisdiction." *See Bergesen v. Joseph Muller Corp.*, 710 F.2d 928, 932 (2d Cir.1983).

Sompo does not challenge the foreign classification of the award for purposes of 9 U.S.C. § 202. Instead, Sompo contends that Gerling's complaint has nothing to do with the award. The complaint, Sompo asserts, entirely concerns the preclusive effect of Judge Preska's determination in *In re Gerling Global Reins. Corp. v. Yasuda Fire & Marine Ins. Co.*, 1999 U.S. Dist. Lexis 11480 (S.D.N.Y.1999). Sompo claims that since Gerling asks this Court to construe the preclusive effect of a prior judicial decision—instead of to compel arbitration or confirm a foreign arbitral award, as the Convention authorizes—jurisdiction cannot rest on 9 U.S.C. §§ 201–203.

In *Int'l Shipping Co., S.A. v. Hydra Offshore*, 875 F.2d 388, n. 5 (2d Cir.1989), *cert. denied*, 493 U.S. 1003, 110 S.Ct. 563, 107 L.Ed.2d 558 (1989), the United States Court of Appeals for the Second Circuit wrote that the district court had "appropriately rejected" the appellant's claim of jurisdiction pursuant to the Convention because "the party invoking [the Convention's] provisions did not seek either to

---

1. Although the only ground for federal jurisdiction alleged in the complaint is 9 U.S.C. § 203, Gerling contends in its opposition papers that this Court has "ancillary jurisdiction" pursuant to the decision of the U.S. Supreme Court in *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). *Kokkonen* offers no such support. In that action, which involved the breach of a settlement agreement, federal subject matter jurisdiction was lacking because the district court had failed to expressly retain jurisdiction as part of the stipulation and order of dismissal. Similarly, Judge Preska did not expressly retain jurisdiction over the case in her order instructing the parties to employ the standards the arbitrators had set to calculate the disputed amount then at issue.

compel arbitration or to enforce an arbitral award." *Cf. Borden, Inc. v. Meiji Milk Prod. Co., Ltd.*, 919 F.2d 822, 826 (2d Cir.1990).

Consistent with the principle that the Convention conveys federal jurisdiction only to compel arbitration or confirm an arbitral award, the court in *Hartford Accident & Indem. Co. v. Equitas Reins. Ltd.*, 200 F.Supp.2d 102 (D.Conn.2002) held that it lacked subject matter jurisdiction over a declaratory judgment claim when the petition to compel arbitration failed to state a necessary element, thus leaving no basis for jurisdiction under the Convention. Conversely, in cases where a federal court has exercised jurisdiction over a claim for declaratory relief, the party invoking jurisdiction pursuant to the Convention had petitioned to compel arbitration or confirm the award. *Nat'l Union Fire Ins. Co. v. Belco Petroleum Corp.*, 88 F.3d 129 (2d Cir.1996); *Dworkin–Cossell Interair Courier Serv., Inc. v. Avraham*, 728 F.Supp. 156 (S.D.N.Y.1989); *Builders Federal (Hong Kong) Ltd. v. Turner Const.*, 655 F.Supp. 1400 (S.D.N.Y.1987).

There is one very narrow exception to the jurisdictional limit described above, but the exception concerns only the issuance of provisional remedies to ensure that an arbitration panel can afford meaningful relief. *Venconsul N.V. v. Tim Int'l N.V.*, 2003 WL 21804833 (S.D.N.Y.2003); *China Nat'l Metal Prod. Import/Export Co. v. Apex Digital, Inc.*, 155 F.Supp.2d 1174 (C.D.Cal.2001). For example, in *Venconsul* the court held that it had subject matter jurisdiction pursuant to the Convention over a motion for a preliminary injunction; in that case, however, jurisdiction existed because an arbitration proceeding was already pending and exercising jurisdiction over the motion for a preliminary injunction would help "preserve the possibility of recoveries upon [arbitral] awards." *Id.* at *3.

■ With the above precedent in mind, this Court concludes that it lacks subject matter jurisdiction over this dispute. Gerling does not request that this Court confirm the underlying arbitral award. Nor does Gerling seek to compel arbitration over the disputed amount it claims Sompo must post in letters of credit. Instead, Gerling's complaint requests only declaratory relief.

Crucially, Gerling does not request that this Court declare the effect of the arbitral award, but rather that this Court declare the preclusive effect of the decision confirming the underlying arbitral award—an action that lacks a jurisdictional predicate pursuant to the Convention, which, as noted above, is the only jurisdictional basis that Gerling proffers. Gerling specifically requests its relief "in accordance with" Judge Preska's decision. (Compl.¶¶ 17, 20). Moreover, the substance of Gerling's claim compels the conclusion that it seeks to enforce a prior judicial decision and not an arbitral award. Gerling seeks a declaration that the production of Schedule F suffices to carry the burden of "reasonableness." However, the arbitral award was completely silent on whether the production of Schedule F established the reasonableness of Gerling's claimed excess liability. (Award, Compl.Ex. B). It was only Judge Preska's decision that arguably stood for the proposition Gerling asks this Court to declare. The fact that Gerling cites to specific portions of Judge Preska's order in its two requests for relief underscores the point that it is Judge Preska's decision, and not the arbitral award, that is at issue here. (Compl.¶¶ 17, 20). Gerling's complaint is, in form and substance, entirely based upon a judicial decision and is not based on the foreign arbitral award neces-

sary to create federal subject matter jurisdiction.

■ Additionally, Gerling seeks to apply the prior decision to a different set of facts and figures than was at issue in the arbitration proceeding that resulted in the award. Simply put, the matter at hand—Sompo's obligation to post new letters of credit for a certain sum based upon new Schedule F figures unsupported by the Lutzak Declaration—has not been arbitrated at all. Nor did Judge Preska in her decision address whether Schedule F by itself would carry the burden of reasonableness. This is a new dispute, based upon different facts that would require a new arbitration award to create federal jurisdiction under 9 U.S.C. § 203.

In sum, the Convention does not provide federal jurisdiction for an action seeking a declaration of the preclusive effect of a prior decision confirming an arbitral award. Because that is precisely what Gerling seeks here, and because Gerling has asserted in its complaint that the Convention is the sole jurisdictional basis for this action, Sompo's motion to dismiss the complaint for lack of subject matter jurisdiction is granted.

III. *Conclusion*

For the reasons set forth above, Sompo's motion to dismiss the complaint is granted on the ground that the Court lacks subject matter jurisdiction over the dispute. Gerling's cross motion to compel Sompo to post security is dismissed as moot.